JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Roland Bluford ("appellant") appeals from the trial court's decision denying his motion for a new trial. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I. {¶ 2} The facts of this case were set forth in State v.Bluford, Cuyahoga App. No. 83112, 2003-Ohio-6181. We summarize these facts as follows:
 {¶ 3} In the spring of 1998, the Cuyahoga County Grand Jury indicted appellant on three counts of rape in violation of R.C.2907.02. The indictment further specified that the victim was eleven years of age and that force was used in the commission of each offense. Appellant pled not guilty and the case proceeded to trial.
 {¶ 4} The day before trial was to commence, the State of Ohio ("state") filed a motion to amend the indictment and bill of particulars to reflect that the alleged incidents occurred between March 1991 and February 1992, rather than August 2, 1992 through August 2, 1993, as originally specified. Defense counsel stated that he had no objection to the amendment and the trial court granted the state's motion.
 {¶ 5} At trial, the alleged victim testified that appellant, who was her mother's boyfriend, moved in with her family in 1990, when she was nine years old. The victim testified that on several occasions while her mother was working, appellant rubbed his hand over her vagina or digitally penetrated her and on another occasion tried to penetrate her with his penis. Appellant testified that he lived with the victim's mother from August 1990 to November 1991 and denied that he ever touched the victim inappropriately.
 {¶ 6} The jury found appellant guilty of all three counts, and the trial court sentenced appellant to three consecutive terms of life imprisonment.
 {¶ 7} This court subsequently affirmed appellant's conviction on appeal, State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, and the Supreme Court of Ohio denied leave to appeal.State v. Bluford (2000), 88 Ohio St.3d 1479. This court later denied appellant's application for reopening pursuant to App.R. 26(B).
 {¶ 8} In April 2000, appellant apparently filed a petition for postconviction relief. Although the petition is not in the record and the docket does not reflect that it was filed, the state filed a motion to dismiss appellant's petition on April 27, 2000. As explained in the state's motion to dismiss, appellant argued in his petition that he was denied effective assistance of counsel because his counsel failed to obtain the police report regarding the alleged rapes that was filed by the victim and her mother in September 1997. This police report, apparently newly discovered by appellant, indicated that the victim and her mother reported to the police that the rapes occurred "approximately 4-5 years prior to the date of this report, when [the victim's] age was 11-12," not five to six years earlier as charged in the amended indictment.
 {¶ 9} On May 19, 2000, the trial court dismissed appellant's petition. Contrary to the requirements of R.C. 2953.21(C), however, the trial court did not issue findings of fact or conclusions of law. In October 2000, appellant filed a motion for findings of fact and conclusions of law, and four months later, the state filed proposed findings of fact and conclusions of law. The record reflects that as of this date, however, the trial court has not filed any findings of fact or conclusions of law regarding its dismissal of appellant's petition for postconviction relief.[1]
 {¶ 10} Although the trial court never filed findings of fact or conclusions of law, in March 2001, appellant filed an appeal of the trial court's dismissal of his petition for postconviction relief. In a journal entry dated October 9, 2001, this court dismissed appellant's appeal, ruling that because the petition did not appear on the docket and apparently was not filed with the clerk of courts, it was not part of the record on appeal and, therefore, could not be considered by the court.
 {¶ 11} In September 2002, appellant filed a motion for a new trial and a motion for an order finding that he was unavoidably prevented from discovering new evidence, pursuant to Crim.R. 33(A)(2) and (6). In his motion, appellant argued that the prosecutor had withheld exculpatory evidence from defense counsel because the prosecutor did not disclose the police report filed on September 24, 1997 by the victim and her mother, in which they reported that the incidents occurred four to five years prior to the date of the report, when the victim was eleven or twelve years of age. Appellant attached to his motions an affidavit from his trial counsel in which trial counsel averred that the police report was never provided to him. On October 7, 2002, the trial court denied both motions. This court allowed appellant to file a delayed appeal.
 II. {¶ 12} Appellant's assignment of error states: "The trial court abused its discretion and violated appellant[']sfourteenth amendment rights under the United States Constitution and ArticleI Section 10 of the Ohio Constitution by dismissing appellant[']s motion for new trial pursuant to Criminal Rule 33(A)(2)(6) and (B) after he showed a prima facie showing of prosecutorial misconduct and newly discovered evidence."
 {¶ 13} Crim.R. 33 governs new trials and states in pertinent part:
{¶ 14} "(A) Grounds. A new trial may be granted on motion ofthe defendant for any of the following causes affectingmaterially his substantial rights:
 {¶ 15} * * *
 {¶ 16} "(2) Misconduct of the jury, prosecuting attorney, orthe witnesses for the state;
 {¶ 17} * * *
 {¶ 18} "(6) When new evidence material to the defense isdiscovered, which the defendant could not with reasonablediligence have discovered and produced at the trial. When amotion for a new trial is made upon the ground of newlydiscovered evidence, the defendant must produce at the hearing onthe motion, in support thereof, the affidavits of the witnessesby whom such evidence is expected to be given, and if time isrequired by the defendant to procure such affidavits, the courtmay postpone the hearing of the motion for such length of time asis reasonable under all the circumstances of the case. Theprosecuting attorney may produce affidavits or other evidence toimpeach the affidavits of such witnesses.
 {¶ 19} "(B) * * * Motions for new trial on account of newlydiscovered evidence shall be filed within one hundred twenty daysafter the day upon which the verdict was rendered, or thedecision of the court where trial by jury has been waived. If itis made to appear by clear and convincing proof that thedefendant was unavoidably prevented from the discovery of theevidence upon which he must rely, such motion shall be filedwithin seven days from an order of the court finding that he wasunavoidably prevented from discovering the evidence within theone hundred twenty day period."
 {¶ 20} A trial court must determine whether appellant was unavoidably prevented from discovering the new evidence within the 120-day period provided by Crim.R. 33(B), and only later determine the merits for the motion for new trial. State v.Pinkerman (1993), 88 Ohio App.3d 158, 160.
 {¶ 21} Crim.R. 33(A) states that a new trial may be granted on motion of the defendant "when new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at trial." Normally, to prevail on a motion for a new trial based upon the grounds of newly discovered evidence pursuant to Crim.R. 33(A)(6), the defendant must establish that the new evidence: "(1) is of such weight that it creates a strong probability that a different result would be reached at the second trial; (2) has been discovered since trial; (3) could not in the exercise of due diligence have been discovered before trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence."State v. Hawkins (1993), 66 Ohio St.3d 339, 350, quoting Statev. Petro (1947), 148 Ohio St. 505, syllabus.
 {¶ 22} A trial court's application of the Petro test is reviewed under an abuse of discretion standard. State v.Johnston (1988), 39 Ohio St.3d 48 at 60. However, in cases where the newly discovered evidence is claimed to have been suppressed, the reviewing court is to invoke a due process analysis as appellant's Fourteenth Amendment right to a fair trial is at issue. Brady v. Maryland (1963), 373 U.S. 83, 87; Johnston,
supra.
 {¶ 23} When the prosecution withholds material exculpatory evidence in a criminal proceeding, it violates the due process right of the defendant under the Fourteenth Amendment. Brady,
supra, at 83. Appellant argues that, as a matter of law, his conviction should be reversed as a result of apparent prosecutorial misconduct. However, in cases of alleged prosecutorial misconduct, it has been held that reversal is not required as "a matter of law." State v. Cassano (2002),96 Ohio St.3d 94; State v. Evans (1992), 63 Ohio St.3d 231.
 {¶ 24} Crim.R. 33(A)(6), relating to grounds for a new trial, provides in part that "a new trial may be granted on motion of a defendant for the following cause materially affecting his substantial rights: when new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." The granting of a motion for a new trial is necessarily committed to the wise discretion of the trial court and a reviewing court cannot reverse that decision unless an abuse of discretion is demonstrated. State v. Kiraly (1977), 56 Ohio App.2d 37.
 {¶ 25} The term "abuse of discretion" requires more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Clark
(1994), 71 Ohio St.3d 466, 470. Likewise, "the decision on whether the motion warrants a hearing also lies within the trial court's discretion." State v. Smith (1986), 30 Ohio App.3d 138,139.
 {¶ 26} As stated above, appellant must first prove that he was unavoidably prevented from discovering the new evidence within the 120-day period provided by Crim.R. 33(B). In the case at bar, appellant alleged that neither he nor his counsel ever received a copy of the police report. However, the state is not required to give the police report to defense counsel, but is only required to read the police report to counsel. Appellant failed to adequately demonstrate that he or his counsel did not receive the information contained in the police report. In addition, appellant agrees that he received a letter from his attorney in 2001 alleging that the state withheld evidence, and therefore could have filed a brief or a motion for new trial much earlier. Appellant has not sufficiently proven that he was unavoidably prevented from discovering the new evidence within the 120-day period provided by Crim.R. 33(B).
 {¶ 27} In addition, appellant failed to meet the requirements set forth in Hawkins. Appellant must prove that the new evidence discloses a strong probability that it will change the result of the trial if granted, that it has been discovered since trial, that it is such as could not in the exercise of due diligence have been discovered before trial, that it is material to the issues, that it is not merely cumulative to former evidence, and that it does not merely impeach or contradict the former evidence. Crim.R. 33. Appellant failed to prove the above; the appellant did not prove that such new evidence would have been credible, material, reliable, and not merely given for impeachment purposes. The state presented overwhelming, credible evidence of appellant's guilt. Appellant has failed to show that this evidence would likely change the result if a new trial were granted.
 {¶ 28} As previously noted, the state filed a motion to amend the indictment and bill of particulars to reflect that the rapes occurred approximately one year earlier. Appellant's counsel didnot object. The victim's age at the time in question was such that she would be under age thirteen regardless of the date change. Appellant argued in his brief that if he knew that the victim stated in the police report that the rapes occurred when she was about eleven or twelve years old, his trial counsel would have objected to the amendment of the state's indictments. We find this argument to be without merit. The amendment to the indictment did not change the offense charged. Changing the dates in the indictment did not materially change the offense nor did it prejudice appellant's ability to defend himself. The original indictment provided reasonable notice to appellant of the nature of the offense to which he was charged. Based on the evidence above, we find that the trial court acted properly and did not abuse its discretion. A motion for a new trial is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel
(1990), 55 Ohio St.3d 71.
 {¶ 29} We find appellant's argument to be without merit and appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and McMonagle, J., Concur.
[1] The state's assertion in its brief on appeal that the trial court issued findings of facts and conclusions of law on February 15, 2001 is incorrect. The record reflects that the state's proposed findings were filed on February 14, 2001; there is no subsequent trial court entry regarding findings of fact and conclusions of law.