[Cite as *State v. McIntyre*, 2011-Ohio-3668.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    25666 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEROY L. MCINTYRE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 1991-01-0135 |

DECISION AND JOURNAL ENTRY

Dated: July 27, 2011

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Leroy McIntyre moved for leave to file a motion for new trial 19 years after a jury convicted him of aggravated burglary and felonious assault. According to Mr. McIntyre, one of the prosecution's key witnesses has recanted his testimony. Mr. McIntyre presented an affidavit from the witness that asserted that the police and prosecution encouraged and prepared him to lie at trial. The trial court denied Mr. McIntyre's motion because it found the affidavit to be "highly suspicious" and because Mr. McIntyre had not shown by clear and convincing evidence that he was unavoidably prevented from earlier discovering the evidence on which he relied. We affirm because Mr. McIntyre did not demonstrate to the trial court that he was unavoidably prevented from earlier discovering the witness's recantation.

## CRIMINAL RULE 33(B)

{¶2} Mr. McIntyre's assignment of error is that the trial court incorrectly denied his motion for leave to file a motion for new trial. Under Rule 33(A)(6) of the Ohio Rules of Criminal Procedure, "[a] new trial may be granted on motion of the defendant . . . [w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." A motion for new trial based on newly discovered evidence must be filed within 120 days after the day the verdict was rendered, unless the defendant shows "by clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely [within the 120-day period]." Crim. R. 33(B). "Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." *State v. Covender*, 9th Dist. No. 07CA009228, 2008-Ohio-1453, at ¶6 (quoting *State v. Mathis*, 134 Ohio App. 3d 77, 79 (1999), overruled on other grounds, *State v. Condon*, 157 Ohio App. 3d 26, 2004-Ohio-2031). "A defendant is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue." *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009-Ohio-397, at ¶54.

{¶3} Mr. McIntyre's motion for leave to file a motion for new trial, filed 19 years after his convictions, did not meet the 120-day deadline for the submission of newly discovered evidence. Crim. R. 33(B). He, therefore, had to show, by clear and convincing evidence, that he was unavoidably prevented from discovering the evidence on which he relied within the 120-day period. *Id.*; *State v. Holmes*, 9th Dist. No. 05CA008711, 2006-Ohio-1310, at ¶10. In his motion, Mr. McIntyre alleged that he had "recently . . . contacted [the recanting witness] by mail and

humbly requested of [him] . . . [t]o come forth and present the facts . . . that [were] not previously presented, but [were] distorted by the . . . [p]rosecution[.]" The State opposed the motion, arguing that Mr. McIntyre had not shown by clear and convincing evidence that he was unavoidably prevented from discovering any new evidence. In his reply brief, Mr. McIntyre reasserted that he had been unavoidably prevented from discovering the new evidence he presented, but did not offer any additional facts in support of his assertion.

{¶4} Mr. McIntyre did not allege any facts in his motion for leave to file a motion for new trial that suggested that he could not have written to the recanting witness within the 120-day deadline, let alone clearly and convincingly demonstrated that fact. The trial court, therefore, correctly concluded that Mr. McIntyre failed to show that he had been unavoidably prevented from earlier discovering the new evidence on which his motion for new trial was based.

{¶5} In his brief to this Court, Mr. McIntyre has argued for the first time that "(1) [he] was prevented from having any contact with [the recanting witness] during his entire tenure in corrections . . . which had expired on January 7, 2008, when [he] was finally paroled, and (2) due to a recent conviction . . . which resulted in [his] parole being revoked . . . [he] was returned to Corrections in 2009, whereas some time later he discovered that [the witness] was incarcerated, and therefrom initiated contact with [the witness] in . . . 2010[.]" This Court, however, "will not consider arguments . . . that could have been, but were not, made in the trial court." *State v. Jackson*, 9th Dist. No. 96CA006355, 1997 WL 197113 at *2 (Mar. 26, 1997).

{¶6} Even if we were to consider Mr. McIntyre's claim that he was not allowed to contact the witness while he was incarcerated, he would still not be entitled to the relief he seeks. A defendant not only must show that he could not have discovered the new evidence within the

120-day period, but also that he sought leave to file a motion for new trial within a reasonable time after he in fact discovered, or, through the exercise of due diligence, could have discovered, the new evidence. *State v. Shakoor*, 7th Dist. No. 10 MA 64, 2010-Ohio-6386, at ¶20-22 (concluding that defendant failed to clearly explain why he could not have discovered witness's recantation until eight years after his conviction); *State v. Wilson*, 2d Dist. No. 23247, 2009-Ohio-7035, at ¶10 (concluding that defendant was "capable of discovering the evidence sooner than eleven years after his conviction"); *State v. Bluford*, 8th Dist. No. 83921, 2004-Ohio-4088, at ¶26 (noting that defendant who has been incarcerated for several years could have moved for leave to file a motion for new trial "much earlier"). Mr. McIntyre failed to assert any facts establishing that he could not have contacted the witness while he was on parole. According to Mr. McIntyre, he was paroled in January 2008 and not reincarcerated until 2009, which would have given him approximately one year to contact the witness, which he failed to do. Mr. McIntyre has not asserted that he did not know or have the ability to discover the witness's location while he was on parole.

{¶7} Upon review of the record, we conclude that the trial court properly determined that Mr. McIntyre failed to demonstrate that he was unavoidably prevented from discovering the new evidence he presented in his motion for leave to file a motion for new trial until 2010. Mr. McIntyre's assignment of error is overruled.

## CONCLUSION

{¶8} Mr. McIntyre did not show by clear and convincing evidence that he was unavoidably prevented from earlier discovering the evidence on which he relied in his motion for leave to file a motion for new trial under Rule 33(B) of the Ohio Rules of Criminal Procedure.

The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

LEROY L. MCINTYRE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.