[Cite as *State v. McIntyre*, 2011-Ohio-6593.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 25898 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| LEROY L. MCINTYRE | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CR 91 01 0135 |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2011

CARR, Presiding Judge.

{¶1}   Leroy L. McIntyre appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   Following a jury trial in August 1991, McIntyre was found guilty of felonious assault and aggravated burglary. Both counts carried firearm specifications.  The trial court issued its sentencing entry in September 1991.  McIntyre filed a direct appeal and this Court affirmed his convictions.  *State v. McIntyre* (May 27, 1992), 9th Dist. No. 15348.  McIntyre subsequently filed a petition for post-conviction relief on October 5, 1994.  The trial court denied the petition and this Court affirmed the trial court's judgment.  *State v. McIntyre* (Oct. 25, 1995), 9th Dist. No. 17095.

{¶3}   In the years following our 1995 decision, McIntyre unsuccessfully challenged his convictions on numerous occasions by filing motions in the trial court.  McIntyre's challenges

have persisted in recent years. On February 22, 2010, McIntyre filed a "Motion to Vacate the Void Ab Initio Sentencing Judgment Journal Entries, and to Revise/Correct Sentencing Entries to Comply with [Crim.R.] 32." The trial court denied the motion on February 26, 2010. On September 30, 2010, this Court issued its decision affirming the trial court's judgment. *State v. McIntyre*, 9th Dist. No. 25292, 2010-Ohio-4658. On September 28, 2010, McIntyre filed a "Motion for Leave to File Motion for New Trial Pursuant to Crim.[R.] 33(B)." The trial court denied the motion on October 12, 2010. McIntyre appealed and this Court affirmed the trial Court's judgment on July 27, 2011. *State v. McIntyre*, 9th Dist. No. 25666, 2011-Ohio-3668. On December 22, 2010, McIntyre filed a "Motion for De Novo Re-trial Upon Charges that the Trial Court Discharged the Jury Without Prejudice in Reference to the Prosecution of those Charges." On January 7, 2011, the trial court denied the motion. On February 2, 2011, McIntyre filed a notice of appeal and the appeal is currently pending in this Court under Case No. 25800.

{¶4} While two of McIntyre's appeals were pending in this Court, McIntyre filed a motion to vacate and void the judgment in the trial court on February 24, 2011. On March 30, 2011, the trial court issued a journal entry denying the motion on the basis that it did not have jurisdiction to consider such a motion in light of McIntyre's pending appeals. McIntyre now appeals from the trial court's March 30, 2011 judgment and raises two assignments of error. We consolidate those assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR I**

"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MCINTYRE AND VIOLATED BOTH OF HIS DUE PROCESS RIGHTS GUARANTEED TO HIM BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I. SECTION 16 OF THE OHIO CONSTITUTION. WHEN THE TRIAL COURT CLAIMED THAT IT LACKS JURISDICTION TO HAVE CONSIDERED APPELLANT'S MOTION TO

VACATE AND VOID JUDGMENT OF SENTENCE WITH REQUEST FOR DE NOVO RESENTENCING HEARING DUE TO APPELLANT'S TWO PREVIOUS APPEALS PENDING IN THE NINTH DISTRCT COURT OF APPEALS." [Sic]

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT VIOLATED APPELLANT MCINTYRE'S FIFTH AMENDMENT DUE PROCESS RIGHTS AND DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION BY IMPOSING AN ENHANCED SENTENCE[] UPON HIM DUE TO AN R.C. 2941.142 PRIOR AGGRAVTED FELONY SENTENCING ENHANCEMENT SPECIFICATION THAT THE JURY HAD PREVIOUSLY FOUND APPELLANT NOT GUILTY OF." [Sic]

{¶5} In his first assignment of error, McIntyre argues that the trial court erred in concluding that it did not have jurisdiction to consider his motion to vacate and void the judgment filed on February 24, 2011. In his second assignment of error, McIntyre argues that he would have prevailed on his motion had the trial court considered it on the merits. This Court disagrees.

{¶6} The Supreme Court of Ohio has stated:

"An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." (Internal citations omitted.) *In re S.J.* (2005), 106 Ohio St.3d 11, 2005-Ohio-3215, at ¶9.

{¶7} McIntyre filed his motion to vacate his sentence on February 24, 2011. In support of his motion, McIntyre argued that he should be resentenced de novo because he was unlawfully found guilty of a prior aggravated felony sentencing enhancement specification. At the time McIntyre filed his motion on February 24, 2011, his appeal from the trial court's October 12, 2010 judgment entry denying his "Motion for Leave to File Motion for New Trial Pursuant to Crim.[R.] 33(B)" was still pending in this Court. McIntyre had also appealed from the trial court's January 7, 2011 judgment entry denying his "Motion for De Novo Re-trial Upon Charges

that the Trial Court Discharged the Jury Without Prejudice in Reference to the Prosecution of those Charges." As McIntyre had two appeals pending in this Court at the time he filed his motion to vacate his sentence, the trial court correctly concluded that it did not have authority to rule on McIntyre's motion. *In re S.J.* at ¶9. It follows that his first and second assignments of error are overruled.

III.

{¶8} McIntyre's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

LEROY L. MCINTYRE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.