[Cite as *State v. McIntyre*, 2012-Ohio-1026.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25899 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEROY MCINTYRE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 1985-02-0171 A |

DECISION AND JOURNAL ENTRY

Dated: March 14, 2012

MOORE, Presiding Judge.

{¶1}    Appellant, Leroy McIntyre, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    On June 21, 1985, Leroy McIntyre was convicted of robbery and sentenced to three to fifteen years of incarceration.  The conviction was affirmed on appeal.  *State v. McIntyre*, 9th Dist. No. 12241, 1986 WL 1126 (Jan. 22, 1986).  On March 7, 2011, McIntyre filed a "Motion to Correct Clerical Mistakes in Judgment Entry."  In it, he argued that the sentencing entry does not dispose of the offense of aggravated robbery as contained in the original indictment.  Thus, he argued, he does not have a final order.  The trial court denied the motion on March 28, 2011.

{¶3}    McIntyre timely appealed.  He raises one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE PREJUDICE OF [] MCINTYRE AND VIOLATED BOTH OF HIS DUE PROCESS RIGHTS GUARANTEED TO HIM BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I. SECTION 16 OF THE OHIO CONSTITUTION[] WHEN THE TRIAL COURT FAILED TO CORRECT THE FINAL JUDGMENT ENTRY PURSUANT TO CRIMINAL RULE 36(A) TO REFLECT THE DISPOSITION OF THE REMAINING COUNT IN THE ORIGINAL INDICTMENT FOR AGGRAVATED ROBBERY R.C. 2911.01(A)(1).

{¶4} In his sole assignment of error, McIntyre argues that the trial court erred when it failed to correct the final judgment entry to reflect the disposition of a remaining count in the original indictment for aggravated robbery. We do not agree.

{¶5} Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The Ohio Supreme Court has held that *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, requires only "a full resolution of those counts *for which there were convictions*. It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings." (Emphasis sic.) *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, ¶ 2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 93814, 2010-Ohio-1066, ¶ 8. This Court has further concluded that "a journal entry that does not contain reference to counts that were *dismissed* or upon which the defendant was *acquitted,* does not render the journal entry invalid for lack of a final appealable order." (Emphasis sic.) *State v. Smead*, 9th Dist. No. 24903, 2010-Ohio-4462, ¶ 10.

{¶6}    McIntyre filed a "Motion to Correct Clerical Mistakes in Judgment Entry."  He argued that the judgment entry did not contain the disposition of a charge for aggravated robbery as contained in the original indictment.  Thus, he claimed, it was not a final order.  The trial court denied the motion because it determined that the judgment entry complied with the requirements of R.C. 2505.02: "it contains the jury verdict, the sentence, signature of the judge, and entry on the journal by the clerk of court."  The trial court concluded that it need not contain the disposition of the original indictment with regard to counts of which McIntyre was acquitted.

{¶7}    On appeal, McIntyre argues that he was not acquitted of the original count of aggravated robbery in violation of R.C. 2911.01(A)(1).  It is his contention that there has been no disposition of this count.  The State argues that McIntyre was indicted on two counts of aggravated robbery and that he was convicted of one count, and acquitted of one count.  However, the record before this Court does not reflect two counts of aggravated robbery.  Instead, the indictment included in the record before this Court demonstrates that McIntyre was charged with one count of aggravated robbery, and one count of robbery.  The record further demonstrates that the aggravated robbery count was dismissed in the June 19, 1985 entry.  That entry states that "the Court SUSTAINED the Defendant's Motion to Dismiss the charge of AGGRAVATED ROBBERY, as contained in One (1) Count of the Indictment."  The entry further provides that the jury returned a verdict finding McIntyre guilty of the crime of robbery.  Thus, the record contains the disposition of all counts in the indictment.  Even though on the basis of the record before us we must disagree with the trial court's reasoning, we conclude that it reached the right result in denying the motion to correct.  *In re Estate of Baker*, 9th Dist. No. 07CA009113, 2007-Ohio-6549, ¶ 15 ("An appellate court shall affirm a trial court's judgment

that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial.").

{¶8}    Accordingly, McIntyre's assignment of error is overruled.

### III.

{¶9}    McIntyre's sole assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.


APPEARANCES:

LEROY L. MCINTYRE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.