[Cite as *State v. McIntyre*, 2013-Ohio-2077.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26677 |
| --- | --- |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEROY L. MCINTYRE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 1991-01-0135 |

DECISION AND JOURNAL ENTRY

Dated: May 22, 2013

WHITMORE, Judge.

{¶1} Appellant, Leroy McIntyre, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In 1991, McIntyre was convicted by jury of felonious assault and aggravated burglary, both of which carried firearm specifications. The trial court journalized the jury's verdicts and a separate sentencing entry. This Court affirmed his convictions on appeal. *State v. McIntyre*, 9th Dist. No. 15348, 1992 WL 125251 (May 27, 1992). Subsequently, the trial court denied McIntyre's petition for post-conviction relief, and we affirmed. *State v. McIntyre*, 9th Dist. No. 17095, 1995 WL 622895 (Oct. 25, 1995).

{¶3} Since then, McIntyre has filed countless motions with the trial court and numerous appeals. Relevant to this appeal is the trial court's September 25, 2012 denial of nine motions. These motions covered a broad range of things, including:

Motion for De Novo Retrial in Order to Dispose of R.C. 2941.142 Prior Aggravated Felony Specification

Motion Invoking Trial Court's Inherent Power to Vacate and Void Its Void Sentence Rendered with Demand for Immediate Discharge from Further Confinement

Motion to Correct Clerical Error in Judgment Pursuant to Crim.R. 36(A) with Relief Sought

Motion Requesting Trial Court to Dismiss with Prejudice Indictment Type: Supplement Two Aggravated Burglary with Accompanied Specification One to Count One of Supplement One and Specification One to Count One of Supplement Two

Motion for Leave to File Motion for New Trial Pursuant to Crim.R. 33(B)

**{¶4}** McIntyre appeals the trial court's denial of his various motions and raises three assignments of error for our review.

## II

### Assignment of Error Number One

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF THE APPELLANT MCINTYRE AND VIOLATED HIS DUE COURSE AND DUE PROCESS OF RIGHTS CLAUSES THUS GUARANTEED TO HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION. WHEN THE TRIAL COURT HAD SUMMARILY DENIED APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL WITHOUT RENDERING ANY FINDINGS OF FACTS AND CONCLUSIONS OF LAW AS WAS REQUIRED BY LAW. (Sic.)

**{¶5}** In his first assignment of error, McIntyre argues that the trial court erred by failing to issue findings of fact and conclusions of law when denying his request to file a motion for a new trial. We disagree.

**{¶6}** A trial court has no duty to issue findings of fact or conclusions of law when it denies a Crim.R. 33 motion for a new trial. *State ex rel. Collins v. Pokorny*, 86 Ohio St.3d 70, 70

(1999), citing *State v. Girts*, 121 Ohio App.3d 539, 565 (8th Dist.1997). Accordingly, McIntyre's first assignment of error is without merit and overruled.

Assignment of Error Number Two

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MCINTYRE AND VIOLATED HIS DUE COURSE AND DUE PROCESS OF LAW RIGHTS GURANTEED TO HIM BY THE FOURTEENTH AMENMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION, WHEN THE TRIAL COURT HAD USURPED ITS AUTHORITY AND JURISDICTION TO HAVE AMENDED THE SEPTEMBER NINTH NINETEEN NINETY-ONE VERDICT ENTRY BY REMOVING FROM SAID ENTRY THAT THE JURY BEING UNABLE TO REACH A DECISION ON A VERDICT AS TO THE R.C. 2941.141 FIREARM SPECIFICATION AS FOUND IN INDICTMENT TYPE: SUPPLEMENT TWO TO WHICH THE TRIAL COURT HAD DISCHARGED THE JURY WITHOUT PREJUDICE IN REFERENCE TO THE PROSECUTION OF SAID SPECIFICATION IN ORDER FOR THE TRIAL COURT TO COMPORT WITH THE SENTENCING ENTRY THUS IMPOSING AN ACTUAL MANDATORY THREE (3) YEAR TERM FOR THE R.C. 2941.141 FIREARM SPECIFICATION FOR THE SPECIFIC UNDERLYING OFFENSE TO-WIT AGGRAVATED BURGLARY THAT THE JURY WAS UNABLE TO REACH A DECISION ON A VERDICT AS TO SAID SPECIFICATION FOR THE OFFENSE OF AGGRAVATED BURGLARY INDICTMENT TYPE: SUPPLEMENT TWO. (Sic.)

**{¶7}** In his second assignment of error, McIntyre argues that the trial court had no authority to amend the sentencing entry and the amendment was inconsistent with the jury's verdicts.

**{¶8}** To the extent that McIntyre argues the court acted outside of its authority in correcting the clerical error in the judgment entry, we disagree. Pursuant to Crim.R. 36, "[c]lerical mistakes in judgment, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

**{¶9}** On August 4, 2011, McIntyre filed a motion with the trial court requesting the court correct a clerical error in the entry journalizing the jury's verdicts pursuant to Crim.R. 36. McIntyre informed the trial court that the journal entry contained inconsistent language with

respect to the firearm specification attached to the aggravated burglary conviction. In one sentence the entry stated that the jury found him guilty of the specification, while later the entry stated that the jury was unable to reach a verdict. The trial court issued a nunc pro tunc order, removing the language indicating that the jury did not reach a verdict on that firearm specification. This made the language of the journal entry consistent with that of the sentencing entry.

{¶10} To the extent that McIntyre argues that his sentence does not comport with the jury's verdicts, his argument is barred by the doctrine of res judicata. It is well-established law in Ohio that res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37; *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995).

{¶11} McIntyre could have raised this argument on direct appeal. Moreover, McIntyre has been before this Court more than a dozen times in appeals and original actions related to his 1991 conviction. *See, e.g., State v. McIntyre*, 9th Dist. No. 15348, 1992 WL 125251 (May 27, 1992) (direct appeal); *State v. McIntyre*, 9th Dist. No. 17095, 1995 WL 622895 (Oct. 25, 1995) (post-conviction relief appeal); *State ex rel. McIntyre v. Alexander*, 9th Dist. No. 22234, 2005-Ohio-160 (habeas appeal); *State v. McIntyre*, 9th Dist. No. 25292, 2010-Ohio-4658; *State v. McIntyre*, 9th Dist. No. 25666, 2011-Ohio-3668; *State v. McIntyre*, 9th Dist. No. 25898, 2011-Ohio-6593; *State v. McIntyre*, 9th Dist. No. 25800 (Dec. 30, 2011). He has had ample opportunity to raise any alleged error in his sentence, but has failed to do so.

{¶12} McIntyre's second assignment of error is overruled.

Assignment of Error Number Three

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MCINTYRE AND VIOLATED HIS DUE COURSE AND DUE PROCESS OF LAW RIGHTS GURANTEED TO HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION. WHEN THE TRIAL COURT JUDGE MARY F. SPICER HAD JOURNALIZED IN THE VERDICT ENTRY THAT THE JURY HAD RETURNED THEIR VERDICT IN WRITING THUS FINDING THE APPELLANT MCINTYRE (NOT GUILTY) OF THE R.C. 2941.142 PRIOR AGGRAVATED FELONY SPECIFICATION AS TO THE OFFENSES CHARGED IN THE INDICTMENT TYPE: OPEN FELONIOUS ASSAULT. WHEN IN FACT THE JURY (DID NOT) RENDER ANY VERDICT OF (NOT GUILTY), OR OTHER IN WRITING. (Sic.)

{¶13} In his third assignment of error, McIntyre argues that the trial court's 1991 entry does not reflect the findings of the jury.

{¶14} McIntyre's argument focuses on an alleged error of the trial court in 1991. He does not articulate any error by the trial court in its September 25, 2012 entry denying his numerous motions. Accordingly, his third assignment of error is an untimely appeal. Further, his argument is barred by the doctrine of res judicata because it could have been raised in his direct appeal.

{¶15} McIntyre's third assignment of error is overruled.

III

{¶16} McIntyre's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

LEROY L. MCINTYRE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.