[Cite as *State v. McIntyre*, 2018-Ohio-2001.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

LEROY L. MCINTYRE

    Appellant

C.A. No.    28125

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 1991-01-0135

DECISION AND JOURNAL ENTRY

Dated: May 23, 2018

SCHAFER, Judge.

{¶1} Defendant/Appellant, LeRoy Lewis McIntyre, Jr. appeals his convictions in the Summit County Court of Common Pleas. For the reasons that follow, we affirm.

I.

{¶2} This matter arises from series of clerical mistakes, each compounding upon the previous. Much of the history of this case has been set forth by this Court in previous appeals. *See State v. McIntyre*, 9th Dist. Summit No. 15348, 1992 Ohio App. LEXIS 2775, (May 27, 1992) (direct appeal); *State v. McIntyre*, 9th Dist. No. 17095, 1995 Ohio App. LEXIS 4742, (Oct. 25, 1995) (post-conviction relief appeal); *State ex rel. McIntyre v. Alexander*, 9th Dist. No. 22234, 2005-Ohio-160 (habeas appeal); *State v. McIntyre,* 9th Dist. No. 25292, 2010-Ohio-4658; *State v. McIntyre*, 9th Dist. No. 25666, 2011-Ohio-3668; *State v. McIntyre*, 9th Dist. No. 25898, 2011-Ohio-6593; *State v. McIntyre*, 9th Dist. Summit No. 25800 (Dec. 30, 2011) (journal

entry dismissing appeal); *State v. McIntyre*, 9th Dist. No. 26677, 2013-Ohio-2077. However, the procedural history as relevant to this appeal is as follows.

{¶3} On February 7, 1991, the Summit County Grand Jury filed an open indictment ("initial indictment"), charging McIntyre for felonious assault in violation of former R.C. 2903.11(A)(2), with an attached firearm specification and a prior aggravated felony specification, listing G.T. as the victim.

{¶4} On February 27, 1991, the grand jury issued secret supplement one, charging McIntyre with felonious assault in violation of former R.C. 2903.11(A)(2), with a firearm specification, listing R.T. as the victim ("secret supplement one"). The firearm specification was identified as "specification one to count one of supplement one".

{¶5} On July 24, 1991, the grand jury filed a second supplemental indictment ("supplement two") to the initial indictment, adding a prior aggravated felony specification to count one of supplement one and including the first significant clerical mistake in this case. Although the charge of felonious assault in secret supplement one already had a "specification one to count one of supplement one" attached, supplement two also identified the prior aggravated felony specification as "specification one to count one of supplement one". Supplement two also included a charge for aggravated burglary in violation of former R.C. 2911.11(A)(2) and (3), with a firearm specification attached and listing R.T. and T.J. as victims. Additionally, "[b]efore trial, the trial court granted an oral motion to amend one of the felonious-assault counts to add a second victim." *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, ¶ 2. No entries were ever filed journalizing the amendment.

{¶6}     A jury trial commenced on the above charges on August 8, 1991.  However, McIntyre failed to appear for the second day of trial.  Although defense counsel moved for a continuance or a mistrial, those motions were overruled and the trial continued in McIntyre's absence. *McIntyre*, 1992 Ohio App. LEXIS 2775 at *5.  A visiting judge presided over the trial.

{¶7}     After deliberation, the jury returned a verdict finding McIntyre guilty of the crime of felonious assault, as contained in count one of the initial indictment and guilty of specification one (firearm).  However, the jury found McIntyre not guilty of specification two to count one (prior aggravated felony).  The jury further found McIntyre guilty of the crime of aggravated burglary, as contained in count one of supplement two, with specification one to count one of supplement two (firearm).  Nonetheless, the jury was unable to reach a verdict as to the amended charge of felonious assault against R.T. and a second victim as well as the related specifications.  Accordingly, the trial court "discharge[d] the jury without prejudice in reference to the prosecution of those charges."

{¶8}     However, when the trial court memorialized the above verdict in its journal entry dated August 18, 1991, and filed September 9, 1991, rather than stating that the jury was unable to reach a decision as to the *amended* felonious assault in *amended* count one of supplement one, the trial court instead stated that the jury was "unable to reach a decision on a verdict as to the charge of FELONIOUS ASSAULT, as contained in count one of supplement one[.]"  Additionally, in regard to the incorrectly labeled second "specification one to count one of supplement one" the trial court incorrectly labeled that specification as "specification one to count one of the supplement *two* to the indictment."  (Emphasis added.)  Thus leading to the second significant clerical error in this case.

{¶9} Meanwhile, on August 14, 1991, McIntyre was arrested for assault. The Summit County Grand Jury subsequently indicted McIntyre for failing to appear at trial ("supplement three"), in violation of R.C. 2937.29. Additionally, on August 28, 1991, the grand jury indicted McIntyre on charges of felonious assault, in violation of R.C. 2903.11(A)(2), and having weapons under disability, in violation of R.C. 2923.13(A)(2) ("supplement four"). Although McIntyre's new felonious assault and having weapons while under disability charges were unrelated to McIntyre's previous felonious assault or aggravated burglary charges, the new indictments were filed under the same case number as the offenses for which McIntyre was previously tried, but not yet sentenced.

{¶10} On September 9, 1991, the trial court filed a sentencing entry dated August 29, 1991, wherein the trial court sentenced McIntyre for the felonious assault and aggravated robbery charges and related specifications for which the jury had previously found him guilty. The August 29, 1991 sentencing entry did not address the post-conviction indictments for failure to appear at trial, felonious assault, or having weapons while under disability.

{¶11} On October 15, 1991, the Summit County Grand Jury filed a fifth supplemental indictment ("supplement five") adding a prior aggravated felony specification to the charge for felonious assault as contained in supplement four, and a specification for a prior offense of violence to the charge for having weapons while under disability as contained in supplement four. Then, on May 19, 1992, the Summit County Grand Jury indicted McIntyre on another count of felonious assault, in violation of R.C. 2903.11(A)(1)/(A)(2), with a prior aggravated felony specification ("supplement six").

{¶12} Finally, on May 22, 1992, the trial court filed a sentencing entry dated May 21, 1992, memorializing a plea deal resolving all of McIntyre's post-trial indictments. McIntyre

appealed his convictions, raising five assignments of error. *McIntyre*, 1992 Ohio App. LEXIS 2775 at *5. This Court, as well as the Supreme Court of Ohio, affirmed. *See Id.* at *17; *State v. McIntyre*, 67 Ohio St.3d 1509 (1993). Since then, McIntyre has filed countless motions and numerous appeals attempting to challenge his convictions. *See State v. McIntyre*, 2011-Ohio-6593, ¶ 3-4; *McIntyre*, 2013-Ohio-2077, at ¶ 3.

{¶13} On July 26, 2010, the Summit County Clerk of Courts, Evidence Division made an application to the trial court stating that the case met the requirements for the destruction of exhibits, depositions, or transcripts. Accordingly, pursuant to Sup.R. 26(F), the trial court ordered that the property in the attached exhibit list be disposed of in the manner designated. The parties do not dispute that the exhibits and transcripts were in fact destroyed.

{¶14} Relevant to the current appeal, McIntyre filed a "motion to correct clerical mistake in verdict journal entry arising from oversight or omission pursuant to criminal rule 36(A)" on August 4, 2011. In his motion, McIntyre pointed out the clerical error as to the specification(s) to count one of supplement one in the trial court's August 13, 1991 journal entry explaining the jury's verdict. McIntyre did not reference the amendment adding a second victim to the charge of felonious assault in count one of supplement one. Thereafter, the trial court filed a nunc pro tunc journal entry on October 11, 2001, attempting to correct the journal entry dated August 13, 1991, and filed September 9, 1991. However, rather than correcting the journal entry to reflect that the jury was unable to reach a verdict as to the second "specification one to *amended* count one of supplement *one*" as opposed to the referenced specification one to count one of supplement *two*, the trial court instead deleted any reference to the specification.

{¶15} McIntyre appealed the attempted nunc pro tunc entry. Although McIntyre pointed out the trial court's deletion of any reference to specification one/two of count one of supplement

one in the October 11, 2001 nunc pro tunc entry, this Court dismissed the appeal for lack of jurisdiction. *See State v. McIntyre*, 9th Dist. Summit No. 26151, June 21, 2012. In so doing, this Court recognized that McIntyre filed a motion in the trial court seeking to correct a clerical error in the entry journalizing the jury's verdict and that as a result, the lower court amended the entry to comport with the sentencing entry. This Court then stated that it "appear[ed] that Mr. McIntyre received what he requested", that the issues McIntyre raised on appeal were not raised in the motion below, and finally that it did "not appear that altering the entry journalizing the jury verdicts to comport with the sentencing entry affected Mr. McIntyre's substantial rights" since his convictions were unaffected by that entry. *Id.*

{¶16} In the interim, on June 14, 2012, McIntyre filed a "motion for bill of particulars," "notice to proceed to trial upon retrial," and a "motion for discovery" related to the amended felonious assault charge and attached specifications on which the jury could not reach a verdict. The trial court determined that it lacked jurisdiction to consider McIntyre's motion because his appeal of the October 11, 2001 nunc pro tunc entry was still before this Court and denied the motions. Nonetheless, the State filed a memorandum in response, stating that the motions were moot because although McIntyre "wants to go to trial on a supplemental count upon which the jury could not reach a verdict" the state would not retry the count and that "count of felonious assault with specification one, count one of supplement one should be dismissed without prejudice." Accordingly, on June 28, 2012, the trial court dismissed the charge of felonious assault, "as contained in Count One of Supplement One to the Indictment, as well as the Specification One to Count One of Supplement One to the Indictment." Thus, dismissing the supplemental charge of felonious assault rather than the *amended* charge of felonious assault. Additionally, although we noted above that there were two "specification one to count one of

supplement one" the State's motion and the trial court's entry dismissing the felonious assault did not reference the multiple specifications.

{¶17} On July 18, 2014, McIntyre filed a motion to declare mistrial arguing, inter alia, that he had "never had a valid sentence that would constitute a final appealable order under [R.C.] 2505.02 and Crim.R. 32(C)" and thus, still had "a pending case awaiting sentence since 1991." The trial court denied the motion, citing res judicata and *State v. McIntyre*, 9th Dist. Summit No. 25889, 2012-Ohio-1026, ¶ 4-8 (concluding that the record contained the disposition of all counts in the indictment and was thus final and appealable).

{¶18} Thereafter, 23 years after he was convicted, McIntyre filed a petition with the Supreme Court of Ohio seeking a writ of mandamus compelling the issuance of a final, appealable order in the underlying case and a writ of prohibition for the purported purpose of curing a number alleged errors in the criminal proceedings. Although the State argued that McIntyre's claims were barred by res judicata, a plurality the Supreme Court of Ohio concluded that res judicata did not apply to McIntyre's petition for a writ of mandamus because the trial court had never issued a final appealable order because "[i]n order to fashion a final appealable order * * * one would have to consult at least three separate documents in violation of the *Baker* one-document rule" and because the amended felonious assault charge in count one of supplement one was not "addressed in any court order." *See State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, ¶ 10. Accordingly, the Supreme Court issued a peremptory writ directing the Summit County Court of Common Pleas to issue a final, appealable order disposing of all the charges against McIntyre, but dismissed the request for a writ of prohibition as premature. *Id.* at ¶ 11.

{¶19} On remand, the trial court issued a journal entry on February 3, 2016, pursuant to the Supreme Court's directive that consolidated the relevant journal entries into one document. *See Id.* Specifically, the February 3, 2016 entry consolidated (1) the August 13, 1991 entry explaining the jury's verdict, (2) the August 29, 1991 sentencing entry, (3) the May 21, 1992 sentencing entry, and (4) the June 28, 2012 order dismissing the felonious assault charge as contained in amended count one of supplement one and the first "specification one" relating to the firearm specification. Additionally, the trial court noted and corrected its clerical error in the June 28, 2012 dismissal entry stating the charges to be dismissed were "FELONIOUS ASSAULT, as contained in **amended count one of supplement one * * *"** and "**SPECIFICATION ONE TO AMENDED COUNT ONE OF SUPPLEMENT ONE * * *** [.]" The trial court further noted that as the charges have been dismissed, McIntyre had suffered no prejudice as a result of the correction of the clerical error. Finally, the trial court stated that on February 3, 2016, it found "that there is a typographical error contained in SUPPLEMENT TWO, which erroneously reads 'SPECIFICATION **ONE** TO COUNT ONE OF SUPPLEMENT ONE.'" (Emphasis sic.) Accordingly, pursuant to Crim.R. 7(D), the trial court amended the specification "to correctly read 'SPECIFICATION **TWO** TO COUNT ONE OF SUPPLEMENT ONE." (Emphasis sic.) The trial court further found that McIntyre had suffered no prejudice since no change had been made to the substance of the indictment or in the name or identity of the crime charged. The trial court then ordered that "pursuant to the prior dismissal of **AMENDED COUNT ONE OF SUPPLEMENT ONE**, the **AMENDED SPECIFICATION TWO TO AMENDED COUNT ONE OF SUPPLEMENT ONE**, as contained in SUPPLEMENT TWO * * * alleging [McIntyre] has been previously convicted of the offense of Robbery" was thereby dismissed.

{¶20}  McIntyre filed this timely appeal, raising nine assignments of error for our review. As McIntyre's assignments of error one, three, four, five, six, seven, eight, and nine raise a similar issue, we elect to address them together.

II.

### Assignment of Error I

**The trial court erred by allowing [a] retired judge [] to preside over McIntyre's trial without authority from the Chief Justice of the Ohio Supreme Court.**

### Assignment of Error III

**The trial court erred by allowing ineffective assistance of counsel who failed to subpoena witnesses essential to McIntyre's defense.**

### Assignment of Error IV

**The trial court erred by not conducting a de novo sentencing hearing and applying house bill 86 after the Ohio Supreme Court declared that no final appealable order had yet existed.**

### Assignment of Error V

**The trial court erred by not declaring a mistrial after [T.J.]'s surprise testimony identifying McIntyre as an assailant in the burglary.**

### Assignment of Error VI

**The trial court erred by adopting jury verdicts that were against the manifest weight of the evidence.**

### Assignment of Error VII

**The trial erred by enhancing McIntyre's sentence using prior aggravated felony specification that he was not found guilty of by a jury.**

### Assignment of Error VIII

**The trial court erred by sentencing McIntyre to two firearm specifications when he had only been found guilty of one firearm specification as charged.**

## Assignment of Error IX

**The trial court's errors had the cumulative effect of depriving McIntyre of his constitutional right to a fair trial.**

{¶21} As an initial matter, we question our ability to reach the merits of McIntyre's first, third, fourth, fifth, sixth, seventh, eighth, and ninth assignments of error. It is well-established in Ohio that res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37. In *State ex rel. McIntyre*, a plurality of the Supreme Court determined that res judicata did not apply in the context of McIntyre's petition for a writ of madamus because the trial court had never issued a final appealable order since "[i]n order to fashion a final appealable order * * * one would have to consult at least three separate documents in violation of the *Baker* one-document rule" and because the amended felonious assault charge was not "addressed in any court order." *State ex rel. McIntyre*, 144 Ohio St.3d 589, 2015-Ohio-5343, at ¶ 10.

{¶22} Crim.R. 32(C) provides, "A judgment of conviction shall set forth the fact of conviction and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." The Supreme Court stated in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus, that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." The Supreme Court further held that the judgment of conviction is a single document. *Id.* at ¶ 19; *compare State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 17 (holding that "[c]apital

cases, in which an R.C. 2929.03(F) sentencing opinion is necessary, are clear exceptions to *Baker's* 'one document' rule."). *Baker* was subsequently modified by the Ohio Supreme Court in *State v. Lester*, 130 Ohio St.3d 142, 2011-Ohio-5204, wherein the Ohio Supreme Court held, "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at paragraph one of the syllabus.

{¶23} Nonetheless, the Supreme Court of Ohio "has consistently regarded Crim.R. 32(C) errors as clerical mistakes subject to nunc pro tunc corrections." *State ex re. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, ¶ 10, citing *State ex. re. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 17-18, and cases cited therein. "'[N]unc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided."'" *Burge* at ¶ 17, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, ¶ 14, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995). Accordingly, "where a trial court issues a corrected journal entry to comply with Rule 32, a defendant who has already had the benefit of a direct appeal cannot raise any and all claims of error in successive appeals. * * * In such circumstances, res judicata remains applicable and the defendant is not entitled to a second bite at the apple." *State v. Dean*, 5th Dist. Richland No. 17CA36, 2017-Ohio-7349, ¶ 16; *See State v. Triplett*, 6th Dist. Lucas No. L-10-1158, 2011-Ohio-1713, ¶ 21; *State v. Thompson*, 4th Dist. Ross Nos. 09CA3129, 09CA3131, 2011-Ohio-6616, ¶ 9; *State v. Bonnell*, 8th Dist. Cuyahoga No. 102630, 2015-Ohio-4590.

{¶24} In this case, the trial court originally sentenced McIntyre in 1991 and McIntyre filed a direct appeal with the assistance of counsel. Upon remand from *State ex rel. McIntyre*, the actions taken by the trial court were: (1) the issuance of a judgment entry consolidating its

previous entries into a one document judgment entry in order to comply with *Baker* and Crim.R. 32(C); (2) the correction of a clerical error in its June 28, 2012 dismissal order; (3) the correction of a clerical error identifying what number specification "specification two to count one of supplement one" in fact was; and (4) dismissal of a specification attached to an underlying charge that was dismissed in the June 28, 2012 dismissal order. Thus, the only matter addressed by the trial court in its February 2, 2016 order that did not address a clerical error or Crim.R. 32(C), was its dismissal of the amended specification two to amended count one of supplement one. Nonetheless, a specification is a sentencing enhancement, not a separate criminal offense, *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 16, and its dismissal did not affect any new substantive right.

{¶25} Therefore, as no new substantive rights were affected by the trial court's actions, the doctrines of res judicata and law of the case bar us from considering any of McIntyre's arguments that were or could have been raised on direct appeal in 1991. Accordingly, McIntyre's first, third, fourth, fifth, sixth, seventh, eight, and ninth assignments of error are overruled.

### Assignment of Error II

**The trial court erred by ordering destruction of the trial exhibits, depriving McIntyre a complete record on appeal.**

{¶26} In his second assignment of error, McIntyre contends that the trial court erred by allowing the mistaken destruction of the trial exhibits, thus, depriving him of a complete record on appeal. However, our resolution of assignments of error one, three, four, five, six, seven, eight, and nine render this assignment of error moot and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

**{¶27}** McIntyre's assignments of error are overruled. Therefore, this Court affirms the judgement of the Summit County Court of Common Pleas.

Judgement affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CONCURS.

HENSAL, P. J.
DISSENTNG.

{¶28} Because the Ohio Supreme Court has determined that the trial court's original sentencing entries were not final, appealable orders, the doctrine of res judicata cannot be applied to Mr. McIntyre's arguments. *State ex rel. McIntyre v. Summit County Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, ¶ 11; *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, ¶ 3. In addition, because the defects in the entries go beyond what can be characterized as mere "clerical omission[s,]" the trial court could not correct them through a nunc pro tunc order. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 20. This Court should address Mr. McIntyre's arguments on their merits. I, therefore, respectfully dissent.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.