JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Sharonda Sims ("Sims"), appeals her conviction for felonious assault. Finding merit to the appeal, we reverse and remand for a new trial.
 {¶ 2} In 2004, Sims was charged with two counts of felonious assault. The matter proceeded to a jury trial, where the following evidence was presented.
 {¶ 3} In December 2003, Sims was involved in an altercation with the victim, Shontia Howard ("Howard"), at a bar in Cleveland. Conflicting versions of the events following this altercation were given at trial.
 {¶ 4} Sims testified that later that evening/early morning, her boyfriend received numerous phone calls on his cell phone from Howard and her friends threatening to come over and "beat up" Sims. She testified that the she did not believe Howard would show up; however, as she was going to bed, she heard a commotion outside and someone shouting threats in her front yard. Sims testified that she grabbed a knife off the table and went outside. According to Sims, everyone ran when she stepped outside except Howard who approached Sims with her hand behind her back. Sims testified that she believed Howard had a gun and, as Howard made a lunging movement, Sims reacted and stabbed Howard in the face. According to Sims, it was not her intention to stab Howard, but she feared for her life.
 {¶ 5} Howard testified that Sims called her after the fight at the bar and the two agreed that Howard would come over to discuss the events in order to "preserve their friendship." Howard claimed that Sims was already outside when Howard arrived, approached the car in which Howard was sitting and, when Howard turned to speak to her, Sims stabbed her in the face.
 {¶ 6} Officer Robert Cerba testified that he found Sims in the basement of her house. He also located the knife on the table but found no blood on the knife. The only evidence of blood was found in Howard's car.
 {¶ 7} The jury found Sims guilty of one count of felonious assault and was hung as to the second count, and the court sentenced her to three years in prison. The State subsequently dismissed the second count of felonious assault without prejudice so the within appeal could be pursued.[1]
 {¶ 8} Sims appeals her conviction, raising four assignments of error. Because we find the third and fourth assignments of error dispositive, they will be addressed first.
 Jury Instructions/New Trial {¶ 9} In her third and fourth assignments of error, Sims challenges the jury instructions and the denial of her motion for a new trial based on error in the jury instructions. {¶ 10} A ruling on a motion for a new trial is within the trial court's discretion and will not be disturbed on appeal absent a showing of abuse of discretion. State v. Schiebel (1990),55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus. Crim.R. 33, which provides the bases upon which a new trial may be granted, provides in pertinent part:
"(A) Grounds. A new trial may be granted on motion of the defendant forany of the following causes affecting materially his substantial rights:
 (1) Irregularity in the proceedings, or in any order or ruling of thecourt, or abuse of discretion by the court, because of which thedefendant was prevented from having a fair trial; * * *."
 {¶ 11} Sims argues the irregularity in the proceedings was the court's denial of her request for the deadly force, self-defense jury instruction.
 {¶ 12} When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested instruction constituted an abuse of discretion under the facts and circumstances of the case. State v.Wolons (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443. Jury instructions are reviewed in their entirety to determine if they contain prejudicial error. State v. Porter (1968), 14 Ohio St.2d 10, 235 N.E.2d 520.
 {¶ 13} In the instant case, Sims maintained at trial that her actions were in self-defense because she believed Howard had a gun behind her back. The trial court instructed the jury regarding self-defense; however, it refused to instruct the jury on deadly force, self-defense. The following jury instruction was given regarding self-defense:
"Self-defense. To establish self-defense the defendant must prove:
 "(A) The defendant was not at fault in creating the situation givingrise to felonious assault; and
 "(B) The defendant had reasonable grounds to believe and an honestbelief, even though mistaken, that he was in imminent danger of bodilyharm and that his only means to protect himself from such danger was bythe use of force not likely to cause death or great bodily harm."(Emphasis added).
 {¶ 14} The deadly force, self-defense instruction allows jurors to consider that the defendant had reasonable grounds to believe that she was in imminent danger of death or great bodily harm and that her only means to protect herself from the danger was by the use of deadly force. See, e.g. Ohio Jury Instructions, Section 411.31.
 {¶ 15} Sims argues that the refusal to give the deadly force, self-defense instruction constituted an abuse of discretion. Although the State agrees that the deadly force, self-defense instruction should have been given, it argues that the error was not prejudicial. We find that it was prejudicial, and the denial to instruct the jury on deadly force, self-defense was an abuse of discretion.
 {¶ 16} "Courts have held that when lethal force is used in self-defense, the perceived threat to the accused must be of death or great bodily harm." State v. Dietz, Cuyahoga App. No. 81823, 2003-Ohio-3249, citing City of Akron v. Dokes (1986), 31 Ohio App. 3d 24,507 N.E.2d 1158. A deadly force, self-defense instruction is appropriate when physical harm was inflicted by means of a deadly weapon or dangerous ordnance. State v. Hansen, Athens App. No. 01CA15, 2002-Ohio-6135, citingState v. Chlebowski (May 28, 1992), Cuyahoga App. No. 60808 and State v.Wagner (July 14, 2000), Lake App. No. 99-L-043.
 {¶ 17} In the instant case, Sims used lethal force by stabbing the victim with a knife. Therefore, the deadly force self-defense instruction was required. See, State v. Darkenwald, Cuyahoga App. No. 83440, 2004-Ohio-2693. Without this instruction, Sims was denied a fair trial because, under the plain meaning of the instruction given, the jury could not even consider self-defense because the force used by Sims was lethal and could have caused death or great bodily harm. Therefore, we find that the trial court abused its discretion in failing to instruct the jury on self-defense with deadly force. Based on the erroneous jury instruction, the court should have also granted Sims' motion for a new trial.
 {¶ 18} Accordingly, the third and fourth assignments of error are sustained. The first and second assignments of error challenging evidentiary rulings are rendered moot.
Judgment reversed and case remanded for a new trial.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J. concurs;
 Rocco, J. Dissents (See Separate Dissenting Opinion)
[1] We dismissed this appeal for lack of a final appealable order when the hung-jury count remained unresolved. We reinstated the appeal once that count was dismissed.
 DISSENTING OPINION