{¶ 15} I respectfully dissent. I would find that this court does not have jurisdiction to consider this appeal because the trial court still has a rape charge pending.
 {¶ 16} Initially, I address the threshold issue of whether the judgment entry appealed is a final appealable order. Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. R.C. 2505.02 defines "final order" as it applies to both criminal and civil cases. See, e.g., State v. Roberts
(1957), 106 Ohio App. 30. A final order is defined, inter alia, as an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C.2505.02(B)(1).
 {¶ 17} If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. See General Acc. Ins. Co. v. Insurance Co. of NorthAmerica (1989), 44 Ohio St.3d 17, 20; Noble v. Colwell (1989)44 Ohio St.3d 92. In the event that the parties to the appeal do not raise this jurisdictional issue, the reviewing court must raise it sua sponte. See Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, syllabus; Whitaker-Merrell v.Geupel Co. (1972), 29 Ohio St.2d 184, 186.
 {¶ 18} Crim.R. 32(C) provides, "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 19} If a trial court does not comply with Crim.R. 32(C), formerly Crim.R. 32(B), then the judgment is not a final, appealable order. State v. Thivener (June 1, 2000), Gallia App. No. 99CA13, citing State v. Taylor (May 26, 1995), Adams App. No. 94CA585. See State v. Brown (1989), 59 Ohio App.3d 1; andState v. Gales, Cuyahoga App. No. 79922, 2002-Ohio-1660. When a trial court does not resolve a hung-jury count, i.e. the jury could not reach a verdict, the judgment is not a final, appealable order. See State v. Sims, Cuyahoga App. No. 85608, at fn. 1, 2005-Ohio-5846; State v. Marlin, Cuyahoga App. No. 79500, 2001-Ohio-4249; State v. Alderman (Dec. 11, 1990), Athens App. No. CA1433; and State v. Tubbs (Sept. 3, 1987), Cuyahoga App. No. 53497.
 {¶ 20} Here, the record shows that the rape charge in count three of the indictment remains unresolved after a jury could not reach a verdict. Therefore, the judgment entries that Smith appealed did not comport with R.C. 2505.02(B) and Crim.R. 32(C). Consequently, the appealed entries are interlocutory instead of final, appealable orders.
 {¶ 21} Thus, I respectfully dissent.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Dissents with Dissenting Opinion.