[Cite as *State v. Allman*, **2012-Ohio-413.**]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                        :            C.A. CASE NO. 24693

v.                                                         :            T.C. NO.    11CRB3085

DERRICK ALLMAN                           :            (Criminal appeal from
                                               Municipal Court)
    Defendant-Appellant                    :


                                                          :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the   3rd   day of   February  , 2012.

· · · · · · · · · ·

EBONY N. WREH, Atty. Reg. No. 0080629, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

CHRIS TILL, Atty. Reg. No. 0086486, P. O. Box 723, Yellow Springs, Ohio 45387
        Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1} Derrick Allman was found guilty after a bench trial in the Dayton Municipal Court of domestic violence (R.C. 2919.25(A)), assault, domestic violence (R.C. 2919.25(C)), and unlawful restraint, all misdemeanors; he was found not guilty of

aggravated menacing.

{¶ 2}   After a presentence investigation, the trial court sentenced Allman to 180 days in jail for the first degree misdemeanor domestic violence (R.C. 2919.25(A)) and assault charges, to be served concurrently.   Allman was given credit for 50 days of pre-trial confinement.   The trial court chose not to impose a sentence for the fourth degree domestic violence charge and the unlawful restraint charge.   The court ordered Allman to pay court costs for all charges, but it suspended those costs.

{¶ 3}   On May 24, 2011, the trial court filed a sentencing entry for the two first degree misdemeanors – domestic violence (R.C. 2919.25(A)) and assault.   That entry, entitled "Final Appealable Entry & Order," reflected the sentences imposed at the sentencing hearing for those two charges.

{¶ 4}   On the same day, handwritten entries for the remaining domestic violence (R.C. 2919.25(C)), unlawful restraint, and aggravated menacing charges were made on three separate documents already in the record.   Those documents reflected, for each count respectively, the finding of probable cause in April 2011, the trial court's verdict on May 3, 2011, and the court's disposition for that charge.   The disposition for the domestic violence and unlawful restraint counts was "CC [court costs] Suspended."   The handwritten entry regarding the domestic violence charge was signed by the trial judge; the unlawful restraint entry was not.   A handwritten entry also noted that the aggravated menacing charge should be "Terminate[d] on Not Guilty finding;" this entry also was not signed.   None of the handwritten entries was filed with the clerk's office and time-stamped.

{¶ 5}   Appellate courts have jurisdiction to review only final orders or judgments of

the lower courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. Thus, an appellate court has no jurisdiction to review an order or judgment that is not final, and it must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶ 6} We have held that when the trial court fails to dispose of each charge in the defendant's case, the trial court's sentencing entry as to some charges is merely interlocutory. *State v. Sanchez*, 2d Dist. Greene 2006-CA-154, 2009-Ohio-813. In *Sanchez*, the sentencing entry failed to reflect an acquittal as to one count and that another count, for which a mistrial had been granted, had been resolved by retrial or dismissal. We dismissed for lack of a final appealable order on the ground that the trial court had failed to impose a sentence on or state the disposition of each charge.

{¶ 7} Other Ohio appellate districts have held similarly.[1] *E.g.*, *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343 (citing cases from the First, Fourth, Eighth, and Eleventh Districts). *But see*, *e.g.*, *State v. Kutscher*, 5th Dist. Stark No. 2002 CA 205, 2003-Ohio-1696 (addressing the merits of defendant's appeal for conviction for theft from an elderly person, when the trial court indefinitely deferred sentencing on three additional counts of theft). As stated by the Fourth District:

"A judgment of conviction is a final appealable order under R.C. 2505.02

when it sets forth (1) the guilty plea, the jury verdict, or the finding of the

---

[1] We note that the Ohio Supreme Court reversed without discussion the Third District's dismissal of an appeal for lack of a final appealable order where the trial court had sentenced the defendant to a "lump sum of three years of community control" for seven counts of nonsupport of dependents. *State v. South*, 3d Dist. Union No. 14-07-40, 2008-Ohio-1143, *rev'd*, 120 Ohio St.3d 358, 2008-Ohio-6693, 899 N.E.2d 146. We find *South* to be factually distinguishable and inapplicable to the case before us.

court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *[State v.] Baker*[, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163] at syllabus, explaining Crim.R. 32(C). Moreover, if a defendant is convicted of multiple charges in a single case, the court's order must contain a sentence for each charge before the judgment on any charge is final. * * * Furthermore, allowing multiple documents to create a final appealable order is generally improper, and all required information must be present in a single document. *Baker* at ¶ 17. Cf. *State v. Ketterer*, Slip Opinion No. 2010-Ohio-3831, at ¶ 17 (holding that "[c]apital cases, in which an R.C. 2929.03(F) sentencing opinion is necessary, are clear exceptions to *Baker's* 'one document' rule"). *State v. Cole*, 4th Dist. Pickaway No. 09CA16, 2010-Ohio-4774, ¶ 6.

Here, the trial court issued what purported to be a "Final Appealable Entry and Order" concerning the two first degree misdemeanor charges – domestic violence under R.C. 2919.25(A) and assault. That sentencing entry satisfied Crim.R. 32(C) for those two charges.

{¶ 8} However, the handwritten entries concerning the three remaining charges failed to include the sentence/disposition, the judge's signature, and/or an entry on the journal by the clerk. Given these omissions, the handwritten entries did not constitute final appealable orders under R.C. 2505.02 and Crim.R. 32(C) for the remaining three charges. Accordingly, the domestic violence, unlawful restraint, and aggravated menacing charges remain pending in the trial court.

**{¶ 9}** Because the trial court has failed to dispose of each charge in Allman's case, the trial court has yet to issue a final judgment; the "Final Appealable Entry and Order," from which Allman has appealed, is merely interlocutory. Accordingly, we must dismiss this appeal for lack of subject matter jurisdiction.

**{¶ 10}** This court encourages the trial court to issue a final judgment on all charges as soon as possible.[2] After the trial court issues a final judgment, Allman must file a new notice of appeal, if he wishes to appeal. If a new appeal is filed, the parties may, if they so desire, move this court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case.

Appeal dismissed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Ebony N. Wreh
Christopher Till
Hon. John S. Pickrel

---

[2] We note that the State concedes error on the underlying issue of merger, but argues that the appeal is moot since Allman has served the misdemeanor sentences. If the trial court agrees that its concurrent sentencing on the domestic violence and assault charges was in error, it may be possible, with the consent of the parties, to modify its current interlocutory entry and order.