[Cite as *State v. Crist*, 2015-Ohio-5173.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA5 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| KYLE B. CRIST, | : | |
| Defendant-Appellant. | : | RELEASED: 12/07/2015 |

APPEARANCES:

Jason A. Sarver, Rockbridge, Ohio, for Defendant-Appellant.

Laina Fetherolf, Hocking County Prosecuting Attorney, Logan, Ohio, for Plaintiff-Appellee.

Hoover, P.J.

{¶1}    This is an appeal from the Hocking County Common Pleas Court in which defendant-appellant Kyle B. Crist pleaded no contest to, and was found guilty of, illegal manufacture of drugs, a second-degree felony in violation of R.C. 2925.04(A). Crist claims that the trial court erred when it overruled his speedy-trial motion to dismiss. However, because the trial court's sentencing entry fails to dispose of all counts of the indictment, and because no other journal entry appears in the record resolving all charges against Crist, no final appealable order exists. Consequently, we lack jurisdiction to address the merits of his appeal; and we must dismiss it.

**I. Facts and Procedural Posture**

{¶2}    Crist was arrested on September 18, 2014, during a drug bust in Logan, Ohio. Charges were initially filed through the Hocking County Municipal Court, where

Crist waived his right to a preliminary hearing. The case was then bound over to the Hocking County Common Pleas Court; and Crist was indicted on October 3, 2014, for the illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, tampering with evidence, and aggravated possession of drugs. Crist remained in the Southeast Ohio Regional Jail on a cash bond from the time of his arrest on September 18, 2014, through his sentencing on February 9, 2015.

{¶3}   On October 17, 2014, Crist filed a discovery demand. The State filed its response to the discovery demand on October 20, 2014.

{¶4}   On December 29, 2014, Crist filed a motion to dismiss based upon the failure to bring him to trial within the statutory time limits of R.C. 2945.71. In his motion to dismiss, Crist claimed that 291 days of un-tolled time had elapsed since his arrest, when each day he had spent in jail was counted as three days in accordance with R.C. 2945.71(E).

{¶5}   The trial court heard arguments and testimony on the motion to dismiss on January 16, 2015, and January 27, 2015. Ultimately, the trial court overruled the motion, concluding inter alia, that Crist was not entitled to a three for one count because a probation holder had been placed on him while he was in jail on the pending charges of the case.

{¶6}   Crist subsequently pleaded no contest to illegal manufacture of drugs on February 9, 2015, and was found guilty of the offense. Crist was sentenced to three years in prison on the illegal manufacture of drugs conviction. The trial court's sentencing judgment entry contained no disposition of Crist's other charges – illegal assembly or possession of chemicals for the manufacture of drugs, tampering with evidence, and

aggravated possession of drugs – and no other journal entry in the record indicates any resolution of these charges. Crist filed a timely notice of appeal.

## II. Assignment of Error

{¶7} Crist assigns the following error for our review:

The trial court erred in denying appellant-defendant's motion to dismiss based on a speedy trial violation under R.C. § 2945.71.

## III. Law and Analysis

{¶8} In his sole assignment of error, Crist contends that the trial court erred when it denied his motion to dismiss based on the speedy-trial provisions of R.C. 2945.71.

## 1. Final, Appealable Order

{¶9} "The Ohio Constitution grants courts of appeals jurisdiction 'to review and affirm, modify, or reverse judgments or final orders.' " *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8, quoting Ohio Constitution, Article IV, Section 3(B)(2). The General Assembly has enacted R.C. 2505.02 to specify which orders are final. *Id.*

{¶10} To constitute a final, appealable order under R.C. 2505.02, a judgment of conviction and sentence must satisfy the substantive provisions of Crim.R. 32(C) and include: (1) the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. The Supreme Court of Ohio has also held that a final, appealable order in a criminal case

involving a defendant initially charged with several counts does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissal, nolled counts, or not guilty findings. *See State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3, and cases cited therein.

{¶11}   Nevertheless, " 'unless the charges that are not the basis of the conviction have been properly terminated by a journal entry, they remain technically unresolved. This "hanging charge" prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e., resolve the case.' " *State v. Brewer*, 4th Dist. Meigs No. 12CA9, 2013-Ohio-5118, ¶ 6, quoting *State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012-Ohio-572, ¶ 6; *see also State v. Pruitt*, 8th Dist. Cuyahoga No. 96852, 2012-Ohio-1535, ¶ 5, quoting *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343, ¶ 7 (" 'a trial court's failure to dispose of any of the charges against a defendant in a single case renders the trial court's journal entry non-final in regard to all of the charges against him' "); *see also State v. Allman*, 2d Dist. Montgomery No. 24693, 2012-Ohio-413, ¶ 6 ("when the trial court fails to dispose of each charge in the defendant's case, the trial court's sentencing entry as to some charges is merely interlocutory"); *see generally* Painter and Pollis, *Ohio Appellate Practice*, Section 2:10 (2014) ("where a defendant is convicted on more than one charge, there is no final order until the trial court enters judgment (including sentence) on each and every offense for which there is a conviction and a journal entry memorializing the disposition of charges resolved through dismissal or acquittal").

{¶12}   The sentencing entry appealed from by Crist did not include a disposition of the second, third, and fourth counts of his indictment, which charged him with illegal assembly or possession of chemicals for the manufacture of drugs, tampering with evidence, and aggravated possession of drugs. In addition, while the record indicates that Crist agreed to plead no contest to the illegal manufacture of drugs charge in exchange for the State's dismissal of the remaining three counts, the record does not include any separate journal entry disposing of these charges and they technically remain pending. *See Brewer* at ¶ 8 (concluding that despite the State's agreement to dismiss count one upon the defendant's guilty plea to count two, count one remained pending until a journal entry indicating dismissal was actually filed). "If a separate journal entry indicated that the prosecution had actually dismissed [Crist's] remaining * * * charge[s], the sentencing entry in his case would be a final, appealable order." *Id*. However, as the record currently stands the sentencing entry does not constitute a final, appealable order. Therefore, we lack jurisdiction to address the merits of Crist's appeal and must dismiss it.

## IV. Conclusion

{¶13}   Because we lack jurisdiction to address the merits of this appeal, we dismiss it.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
                 Marie Hoover
                 Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**