[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas,* Slip Opinion No. 2015-Ohio-5343.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-5343

THE STATE EX REL. MCINTYRE *v.* SUMMIT COUNTY COURT OF

COMMON PLEAS ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas,* Slip Opinion No. 2015-Ohio-5343.]

*Mandamus and prohibition—Trial court has not yet issued final, appealable order—Writ of mandamus granted and writ of prohibition denied as premature.*

(No. 2015-0080—Submitted August 11, 2015—Decided December 23, 2015.)

IN MANDAMUS and PROHIBITION.

_____

**Per Curiam.**

{¶ 1} Relator, Lewis Leroy McIntyre Jr., seeks a writ of mandamus compelling the issuance of a final, appealable order in his criminal case, *State v. McIntyre*, Summit C.P. case No. CR-91-01-0135. He also seeks writs of prohibition for the purported purpose of curing a number of alleged errors in the

criminal proceedings. Respondents, the Summit County Court of Common Pleas, Judge Mary F. Spicer (retired), and Judge Thomas A. Teodosio (collectively "the county") have filed a motion to dismiss based on res judicata.[1] We deny respondents' motion, deny McIntyre's motion for oral argument, grant a peremptory writ of mandamus, and dismiss the petition for writs of prohibition as premature.

*Background*

{¶ 2} In February and July 1991, McIntyre was indicted on two counts of felonious assault and one count of aggravated burglary, plus specifications. Before trial, the trial court granted an oral motion to amend one of the felonious-assault counts to add a second victim.

{¶ 3} The jury convicted McIntyre of aggravated burglary and one count of felonious assault. The jury was unable to reach a verdict as to the amended felonious-assault count.

{¶ 4} The trial court issued a sentencing entry on September 9, 1991. That entry did not dispose of the amended felonious-assault charge on which the jury failed to reach a verdict. The entry also failed to address two new indictments that had been added to the case and were pending at the time.

{¶ 5} The state later indicted McIntyre on two new charges, again under the same case number. On May 22, 1992, the trial court issued a sentencing entry memorializing a plea deal involving the four posttrial indictments. Once again, however, the entry failed to address the unresolved felonious-assault charge from the trial.

{¶ 6} Finally, on June 28, 2012, Judge Teodosio signed an entry dismissing the felonious-assault charge as well as the related firearm specification. However,

---

[1] Respondent Judge William Victor is now deceased.

the court's order dismissed the felonious-assault charge *as indicted*, without disposing of the charge as amended before trial.

*Legal analysis*

{¶ 7} Respondents' motion to dismiss argues that res judicata applies to all of McIntyre's claims. However, res judicata cannot apply if the trial court never issued a final, appealable order. *See State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 3.

{¶ 8} A final, appealable order in a criminal case under Crim.R. 32(C) must contain four elements: (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) a time stamp from the clerk of courts. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. Only one document can constitute a final, appealable order. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17.

{¶ 9} None of the documents in this case is a final, appealable order. The September 9, 1991 sentencing entry did not dispose of the felonious-assault charge, nor did it address the two new indictments that were pending at the time under the same case number. Likewise, the May 22, 1992 entry memorializing the plea bargain failed to reference the earlier verdicts and also left the felonious-assault charge unresolved. And finally, Judge Teodosio's June 28, 2012 order dismissing the felonious-assault charge did not recount the prior dispositions.

{¶ 10} In order to fashion a final, appealable order, then, one would have to consult at least three separate documents in violation of the *Baker* one-document rule. Moreover, at least one claim, the felonious-assault charge that was amended to add a second victim, has never been addressed in any court order.

{¶ 11} For this reason, we deny respondents' motion to dismiss and issue a peremptory writ pursuant to S.Ct.Prac.R. 12.04(C) directing the county to issue a final, appealable order disposing of all the charges against McIntyre. Given this disposition, we hold that McIntyre's petition for writs of prohibition is premature,

and we dismiss the request on that basis. Finally, we conclude that it is unnecessary to hear oral argument, and we deny McIntyre's motion.

*Motions denied,*

*petition for writs of prohibition dismissed,*

*and writ of mandamus granted.*

PFEIFER, KENNEDY, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

O'DONNELL, J., dissents and would dismiss the petition as barred by res judicata.

FRENCH, J., dissents.

O'CONNOR, C.J., not participating.

_____

Stephen P. Hanudel, for relator.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for respondents.

_____