[Cite as *State v. McKenna*, 2017-Ohio-6986.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160683 |
|  |  | TRIAL NO. C-15CRB-34617 |
| Plaintiff-Appellee, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
| PETER MCKENNA, | : |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  July 28, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy A. Smith*, for Defendant-Appellant.

**MYERS, JUDGE.**

{¶1} Defendant-appellant Peter McKenna has appealed from the trial court's denial of his motion to withdraw his guilty plea. Because the entry that he has appealed from is not final and appealable, we have no jurisdiction to entertain McKenna's appeal, and we therefore dismiss it.

### *Procedural Background*

{¶2} On December 29, 2015, McKenna pled guilty to a violation of R.C. 1531.02, a third-degree misdemeanor, for the illegal taking of more than one antlered white-tailed deer per license year. A municipal court magistrate ordered McKenna to pay court costs and to forfeit the deer that had been illegally taken. On the day that the plea was entered, the magistrate journalized an entry setting forth the magistrate's finding of guilt based on McKenna's guilty plea. On the same date, the magistrate also journalized a separate entry setting forth the finding of guilt and the sentence imposed. Only the entry setting forth the finding of guilt was signed and adopted by the trial court as its own judgment. The entry that included the imposition of sentence was not.

{¶3} Approximately three months later, McKenna received a letter from the Ohio Department of Natural Resources ("ODNR"). The letter stated that because McKenna had been convicted of the illegal taking of an antlered white-tailed deer, he was being assessed $18,346.40 for the restitution value of the deer, pursuant to R.C. 1531.201. The letter further specified various Ohio hunting licenses and permits, and stated that, had any of these licenses or permits been issued to McKenna, they were

immediately revoked and would be surrendered if full payment of the restitution was not made.

{¶4}   After receiving the letter from ODNR, McKenna filed a motion to withdraw his guilty plea.  He argued that the $18,346.40 fee that he was assessed was not restitution, but was an additional criminal penalty for his offense, and that the magistrate had failed to inform him of this penalty prior to accepting his plea, resulting in a manifest injustice.  McKenna further alleged that he had a complete defense to the charge, because the hunting license that he had purchased from the state permitted him to take either an antlered or antlerless deer.

{¶5}   Following a hearing, the trial court denied McKenna's motion. McKenna now appeals, challenging in a single assignment of error the trial court's denial of his motion.

### Lack of a Final, Appealable Order

{¶6}   Before considering the merits of McKenna's assignment of error, we must determine whether we have jurisdiction to entertain this appeal.  This court only has jurisdiction to review final orders and judgments.  Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03.

{¶7}   While McKenna has appealed from the trial court's denial of his motion to withdraw his guilty plea, we must begin our analysis by examining McKenna's underlying conviction for a violation of R.C. 1531.02.

{¶8}   A judgment of conviction is a final order under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.  *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the

syllabus; *State v. Bennett*, 1st Dist. Hamilton Nos. C-140507 and C-140508, 2015-Ohio-3246, ¶ 4; Crim.R. 32(C). Each of these requirements must be contained in a single document. *State v. Daniels*, 1st Dist. Hamilton No. C-140242, 2014-Ohio-5160, ¶ 7, citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17.

{¶9}  The magistrate journalized two entries in this case. Because they were journalized separately, we must individually examine each entry, and we may not read them together to create a final, appealable order. *Id.* The first entry journalized by the magistrate, and adopted by the trial court, set forth the fact of McKenna's plea and finding of guilt. This entry was not a final, appealable order because it did not contain the sentence that had been imposed. The second entry set forth the finding of guilt and the sentence imposed, but it was not a final order because it did not contain a judge's signature. Furthermore, because this entry was not adopted by the trial court, the entry has not become effective, and McKenna has not yet been sentenced. *See* Crim.R. 19(D)(4)(a) ("A magistrate's decision is not effective unless adopted by the court."). This directly impacts our review of the order that McKenna has appealed from, the trial court's denial of his motion to withdraw his guilty plea.

{¶10}  Because McKenna has not been sentenced, his motion to withdraw his guilty plea should have been treated as a presentence motion to withdraw, rather than a postsentence motion. *See State v. Waselich*, 7th Dist. Mahoning No. 04 MA 164, 2005-Ohio-6449, ¶ 10. McKenna has appealed from the trial court's denial of a presentence motion to withdraw before sentence has been imposed. The Ohio Supreme Court has held that "[i]n a criminal case, where there has been no pronouncement of sentence, an order of the trial court overruling defendant's motion

for leave to withdraw his plea of guilty is interlocutory in nature, does not amount to a judgment and is not a final appealable order." *State v. Chamberlain*, 177 Ohio St. 104, 202 N.E.2d 695 (1964), syllabus; *See Waselich* at ¶ 5.

{¶11} Because the entry that McKenna has appealed from is not a final, appealable order, we lack jurisdiction over this appeal and dismiss it.

**Appeal dismissed.**

**CUNNINGHAM, P.J.,** concurs.
**MILLER, J.,** concurs with opinion.

**MILLER, J.** concurring.

{¶12} I fully join in the majority opinion. This is the most recent in a long series of cases where we have been duty bound to dismiss criminal appeals from municipal court because the entries did not always comply with the one-document rule articulated in *State v. Baker*. 119 Ohio St.3d 197, 2008-Ohio-3330 at ¶ 17. I have concerns whether this systemic issue can harm a defendant's right to meaningful appellate review. *See Pollard v. United States*, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); *United States v. Gould*, 672 F.3d 930, 936 (10th Cir.2012); *Harris v. Champion*, 15 F.3d 1538, 1558 (10th Cir.1994); *Rhueark v. Shaw*, 628 F.2d 297, 302-302 (5th Cir.1980). However, because our lack of jurisdiction is raised sua sponte, no party has had the opportunity to articulate this position. It is my hope that the need for these dismissals will not persist.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.