[Cite as *State v. Craig*, 2017-Ohio-8962.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160816 |
| | | TRIAL NO. B-1504585 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| STEVEN ALLEN CRAIG, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: December 13, 2017


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1} In this opinion, we address an issue that was not addressed by the Supreme Court of Ohio in its recent decision in *State v. Jackson*, ___ Ohio St.3d ___, 2017-Ohio-7469, ___ N.E.3d ___, that is, whether, in a criminal action involving a multicount indictment, the trial court's failure to dispose of a count on which the jury fails to reach a verdict prevents the judgment of conviction on the other counts from being final and appealable. We answer the question in the affirmative.

{¶2} In this case, Steven Allen Craig was indicted on one count of rape and two counts of felonious assault. Craig pleaded not guilty to all counts, and the case proceeded to a jury trial. The jury returned guilty verdicts on the felonious-assault counts, but was unable to reach a verdict on the rape count. The trial court sentenced Craig on the felonious-assault counts and declared a mistrial on the rape count. The rape charge was not dismissed and remains pending. This appeal followed.

{¶3} Our jurisdiction is limited to the review of final orders and judgments. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03. In *Jackson*, the Supreme Court of Ohio held that a dismissal without prejudice of a count in a multicount indictment does not prevent the judgment of conviction on the remaining counts from being a final, appealable order. *Jackson* at ¶ 9. The court further held that "a judgment of conviction is a final, appealable order if it complies with Crim.R. 32(C) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14, and that counts that are *dismissed* are *resolved* and do not prevent the judgment of conviction from being final and appealable." (Emphasis added.) *Id.*

{¶4} In *Jackson*, the defendant was convicted after a jury trial of some, but not all, of the counts in the indictment. The jury was unable to reach a verdict on two

counts of kidnapping, but found the defendant guilty of grand theft and aggravated robbery. The trial court imposed sentence on the theft and robbery counts, and declared a mistrial on the kidnapping counts. On the state's motion, the court dismissed the kidnapping counts without prejudice. On appeal, the Eighth District held that the dismissal without prejudice rendered the judgment a nonfinal order, and sua sponte dismissed Jackson's appeal for lack of a final, appealable order. *State v. Jackson*, 8th Dist. Cuyahoga No. 103035, 2016-Ohio-704, ¶ 14.

{¶5} The Supreme Court reversed, holding that a dismissal without prejudice of a count in a multicount indictment does not prevent the judgment of conviction on the remaining counts from being a final, appealable order where the judgment complied with Crim.R. 32(C) and *Lester* at ¶ 14. *Jackson*, ___ Ohio St.3d ___, 2017-Ohio-7469, ___ N.E.3d ___, at ¶ 9, 16. The court noted that a valid judgment of conviction requires a full resolution of all counts for which there were convictions, but does not " 'require a reiteration of those counts and specifications for which there were no convictions, but were *resolved* in other ways, such as *dismissals*, nolled counts, or not guilty findings.' " (Emphasis sic.) *Id.* at ¶ 11, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2. The court held that counts that are dismissed are resolved and, therefore, do not prevent a judgment of conviction from being final and appealable. *Id.* at ¶ 9-10. And it concluded that "[t]he prosecution of the kidnapping counts terminated once the trial court dismissed those counts." *Id.* at ¶ 16.

{¶6} The court in *Jackson* noted that allowing a dismissal without prejudice to prevent an order in a criminal action from being a final, appealable order would effectively stay appellate review of convictions on charges for which the defendant had been found guilty and sentenced until the state either sought a new indictment or the statute of limitations for the dismissed counts expired. *Id.* at ¶ 15. As this

3

court has explained, "A conditional dismissal in a criminal matter would allow a prosecutor to keep a defendant perpetually indicted, without any idea concerning, or control over, when the matter would be resolved." *State ex rel. Flynt v. Dinkelacker*, 156 Ohio App.3d 595, 2004-Ohio-1695, 807 N.E.2d 967, ¶ 15 (1st Dist.).

{¶7} Here, like *Jackson*, the trial court declared a mistrial on a count upon which the jury could not reach a verdict and sentenced the defendant on the counts upon which the jury returned guilty verdicts. Unlike *Jackson,* however, this charge remains pending. It has not been dismissed or otherwise resolved in any way. The granting of a mistrial "has long been held not to be a final appealable order 'for the basic reason that it is not a judgment or order in favor of either of the parties which gives finality to the case.' " *State v. Nixon*, 5th Dist. Richland No. 2016 CA 0008, 2017-Ohio-8, ¶ 16, quoting *Mack v. Gulf Oil Co., Inc.*, 10th Dist. Franklin No. 76AP-299, 1976 WL 190161 (Aug. 24, 1976), citing *Kauffman v. Schauer*, 121 Ohio St. 478, 169 N.E. 566 (1929). Here, the trial court's granting of a mistrial on the rape count did not resolve that count, and therefore, prevented the court's judgment from being a final, appealable order.

{¶8} A long line of cases from Ohio courts, including this one, have held that an order in a criminal case is not final where the trial court fails to dispose of all the charges that are brought against the defendant in an action. *See State v. Pippin*, 1st Dist. Hamilton No. C-150061, 2016-Ohio-312, ¶ 5, citing *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003, ¶ 4, 9-10 (plurality opinion); *State v. Pace*, 1st Dist. Hamilton No. C-970546, 1998 WL 293850 (June 5, 1998); *State v. Allman*, 2d Dist. Montgomery No. 24693, 2012-Ohio-413; *State v. Gillian*, 4th Dist. Gallia No. 15CA3, 2016-Ohio-3232; *State v. Huntsman*, 5th Dist. Stark No. 1999-CA-00282, 2000 WL 330013 (Mar. 13, 2000); *State v. Ocasio*, 8th Dist. Cuyahoga No. 103972, 2017-Ohio-88; *State v. Heavilin*, 9th Dist. Medina No. 15CA0034-M, 2016-Ohio-1284; *State v. Garner*, 11th

Dist. Trumbull No. 2002-T-0025, 2003-Ohio-5222. *Jackson* did not alter this law, but rather explained that a dismissed charge resolves the matter, even if it is dismissed without prejudice.

{¶9} Recently, this court in *State v. Pippin*, dismissed an appeal for lack of jurisdiction. We stated, "Importantly, however, the trial court neglected to dispose of four other charges against Mr. Pippin. A long line of authority tells us that a trial court's entry is not a 'final order' where the court fails to dispose of all the charges in an action against a criminal defendant." *Pippin* at ¶ 1. We recognized that "[a] 'hanging charge' prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e., resolve the case." *Id.* at ¶ 6, quoting *State v. Johnson*, 4th Dist. Scioto No. 14CA3660, 2015-Ohio-3370. Finally, we stated, "A number of courts, including this one, have held that a court fails to comply with its mandatory duty under Crim.R. 32(C) when it leaves a charge unresolved, and that because of this failure such a judgment is not a final order." *Id.* at ¶ 7.

{¶10} We find that *Jackson* does not alter this conclusion. We join other Ohio courts that have held that in a criminal case involving a multicount indictment, a trial court's order that fails to dispose of a count on which the jury failed to reach a verdict is not a final, appealable order. *See State v. Purdin*, 4th Dist. Adams No. 11CA909, 2012-Ohio-752; *State v. Sherman*, 5th Dist. Richland No. 2011-CA-0012, 2011-Ohio-5794; *State v. Bourdess*, 8th Dist. Cuyahoga No. 70541, 1997 WL 284777 (May 29, 1997); *State v. Sims*, 8th Dist. Cuyahoga No. 85608, 2005-Ohio-5846, fn. 1; *State v. Clay*, 11th Dist. Trumbull No. 2009-T-0126, 2010-Ohio-4558; *see also McIntyre* at ¶ 4, 9-10. This result is entirely consistent with the Supreme Court's decision in *Jackson* and established Ohio law.

{¶11} Moreover, the concern expressed in *Jackson* that the state might allow a defendant to languish without appellate review of his conviction is not present

where a count remains pending following the declaration of a mistrial upon the jury's inability to reach a verdict on the count. Constitutional speedy-trial standards of reasonableness apply to a retrial following a mistrial because of a hung jury. *State v. Fanning*, 1 Ohio St.3d 19, 20-21, 437 N.E.2d 583 (1982); *see State v. Echols*, 146 Ohio App.3d 81, 91, 765 N.E.2d 379 (1st Dist.2001). These standards balance the conduct of the state and that of the defendant by considering the length of delay, the reasons for the delay, whether the defendant has asserted her or his speedy-trial rights, and any resulting prejudice. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Echols* at 91. Therefore, the defendant's rights are protected, and he must be brought to trial within a reasonable time.

{¶12} In this case, the trial court's failure to dispose of the rape count upon which the jury failed to reach a verdict prevented the judgment of conviction on the other counts from being a final, appealable order. Without a final order, we lack jurisdiction. Therefore, we dismiss the appeal.

*Appeal dismissed.*

MOCK, P.J., concurs.
MILLER, J., concurs separately.

MILLER, J., separately concurring.

{¶13} The majority opinion accurately cites and follows established precedent from Ohio appellate courts prohibiting a convicted criminal defendant from appealing while other charges remain pending. The rule sometimes results, as it does here, in the defendant being sent to prison, but not being permitted to appeal the convictions for which he is serving time. A particularly egregious example of such a scenario had a defendant serve over 14 years before the Supreme Court of Ohio ordered the trial court to resolve the "hanging charge." *See State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-

6

5343, 45 N.E.3d 1003. Because I believe Craig's due-process rights are implicated, this case requires further analysis.

{¶14} I have previously expressed concerns regarding systemic issues that can harm a defendant's right to meaningful appellate review. *State v. McKenna*, 1st Dist. Hamilton No. C-160683, 2017-Ohio-6986, ¶ 12 (Miller, J., concurring) (opining that the "single document rule" may prejudicially hinder a defendant's right to appeal), citing *Pollard v. United States,* 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); *United States v. Gould,* 672 F.3d 930, 936 (10th Cir.2012); *Harris v. Champion,* 15 F.3d 1538, 1558 (10th Cir.1994); *Rhueark v. Shaw,* 628 F.2d 297, 302-303 (5th Cir.1980). I am similarly concerned here.

{¶15} "[T]he Due Process Clause does provide some minimum guarantee of a prompt appeal to [criminal] defendants." *United States v. Smith,* 94 F.3d 204, 205 (6th Cir.1996). The relevant test has been borrowed from "the speedy trial analysis set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)." *Id.* at 207. The four factors to balance are "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* With respect to appellate delay, the prejudice factor encompasses "three parallel interests: (1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." (Citation and quotation omitted.) *Id.*

{¶16} The first factor, length of delay, is applied on a case-by-case basis. *Id.* at 209. There is a general agreement that a delay of more than one year is presumptively prejudicial to a defendant. *United States v. Westcott*, S.D.Ohio No. 3:06-po-097, 2014 WL 5513514 (Oct. 31, 2014); *see State v. Echols*, 146 Ohio App.3d 81, 91, 765 N.E.2d 379 (1st Dist.2001). In this case, the jury verdict was entered on

September 9, 2016. Craig was sentenced and remanded to the Ohio Department of Rehabilitation and Correction on October 11, 2016. It has been over one year since these convictions, and Craig cannot appeal due to the "hanging charge." This length of delay weighs in favor of Craig and triggers further inquiry. *Westcott* at *2.

{¶17} The reason for the delay is the second factor. Here, every continuance for the retrial has been at Craig's request, and Craig has waived the computation of time. This factor weighs decisively against Craig. Craig has voluntarily delayed his retrial on the "hanging charge" while pursuing his appeal. Had he instead insisted on the retrial occurring timely, he likely would have been retried by now, and possibly would have a final order from which to appeal. His waiver applies to his due-process right to a prompt appeal. Accordingly, his due-process rights have not been violated. There is no occasion to visit the remaining factors.

{¶18} Having conducted the *Smith* analysis, I concur with the result.

{¶19} I, nevertheless, wish to express the unfortunateness of the result. Both the defendant and the state want this appeal to be heard. In the context of this case, judicial economy would be better served by affording an opportunity to appeal. As the law exists now, there could be two trials before there is an appeal, perhaps a remand for a new trial if there was error in the initial convictions, potentially followed by a third trial and second appeal. If this appeal was allowed to go forward, then any error that might have occurred below could be avoided at the second trial—not a third. The judicial economy of the current system further decreases if there are additional hung juries. Moreover, the appetite of the parties for a retrial on the "hanging charge" might be satiated by resolution of this appeal. If we were to affirm the current convictions, then maybe the parties would decide to resolve the hanging charge by agreement.

{¶20} The Commission on the Rules of Practice and Procedure should consider whether the Rules of Criminal Procedure should be amended to include a

provision equivalent to Civ.R. 54(B), which affords the ability to appeal the resolution of some claims. This would afford the parties and the trial court the discretion to permit appeals from final judgments of conviction when there are "hanging charges" as the circumstances may demand.

Please note:

    The court has recorded its own entry on the date of the release of this opinion.