Miller, J., separately concurring.
{¶ 13} The majority opinion accurately cites and follows established precedent from Ohio appellate courts prohibiting a convicted criminal defendant from appealing while other charges remain pending. The rule sometimes results, as it does here, in the defendant being sent to prison, but not being permitted to appeal the convictions for which he is serving time. A particularly egregious example of such a scenario had a defendant serve over 14 years before the Supreme Court of Ohio ordered the trial court to resolve the "hanging charge." See State ex rel. McIntyre v. Summit Cty. Court of Common Pleas , 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003. Because I believe Craig's *654 due-process rights are implicated, this case requires further analysis.
{¶ 14} I have previously expressed concerns regarding systemic issues that can harm a defendant's right to meaningful appellate review. State v. McKenna , 1st Dist. Hamilton No. C-160683, 2017-Ohio-6986, 2017 WL 3207229, ¶ 12 (Miller, J., concurring) (opining that the "single document rule" may prejudicially hinder a defendant's right to appeal), citing Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) ; United States v. Gould, 672 F.3d 930, 936 (10th Cir.2012) ; Harris v. Champion, 15 F.3d 1538, 1558 (10th Cir.1994) ; Rheuark v. Shaw, 628 F.2d 297, 302-303 (5th Cir.1980). I am similarly concerned here.
{¶ 15} "[T]he Due Process Clause does provide some minimum guarantee of a prompt appeal to [criminal] defendants." United States v. Smith, 94 F.3d 204, 205 (6th Cir.1996). The relevant test has been borrowed from "the speedy trial analysis set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)." Id. at 207. The four factors to balance are "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. With respect to appellate delay, the prejudice factor encompasses "three parallel interests: (1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." (Citation and quotation omitted.) Id.
{¶ 16} The first factor, length of delay, is applied on a case-by-case basis. Id. at 209. There is a general agreement that a delay of more than one year is presumptively prejudicial to a defendant. United States v. Westcott , S.D.Ohio No. 3:06-po-097, 2014 WL 5513514 (Oct. 31, 2014) ; see State v. Echols , 146 Ohio App.3d 81, 91, 765 N.E.2d 379 (1st Dist.2001). In this case, the jury verdict was entered on September 9, 2016. Craig was sentenced and remanded to the Ohio Department of Rehabilitation and Correction on October 11, 2016. It has been over one year since these convictions, and Craig cannot appeal due to the "hanging charge." This length of delay weighs in favor of Craig and triggers further inquiry. Westcott at *2.
{¶ 17} The reason for the delay is the second factor. Here, every continuance for the retrial has been at Craig's request, and Craig has waived the computation of time. This factor weighs decisively against Craig. Craig has voluntarily delayed his retrial on the "hanging charge" while pursuing his appeal. Had he instead insisted on the retrial occurring timely, he likely would have been retried by now, and possibly would have a final order from which to appeal. His waiver applies to his due-process right to a prompt appeal. Accordingly, his due-process rights have not been violated. There is no occasion to visit the remaining factors.
{¶ 18} Having conducted the Smith analysis, I concur with the result.
{¶ 19} I, nevertheless, wish to express the unfortunateness of the result. Both the defendant and the state want this appeal to be heard. In the context of this case, judicial economy would be better served by affording an opportunity to appeal. As the law exists now, there could be two trials before there is an appeal, perhaps a remand for a new trial if there was error in the initial convictions, potentially followed by a third trial and second appeal. If this appeal was allowed to go forward, then any error that might have occurred below could be avoided at the second trial-not a third. The judicial economy of *655 the current system further decreases if there are additional hung juries. Moreover, the appetite of the parties for a retrial on the "hanging charge" might be satiated by resolution of this appeal. If we were to affirm the current convictions, then maybe the parties would decide to resolve the hanging charge by agreement.
{¶ 20} The Commission on the Rules of Practice and Procedure should consider whether the Rules of Criminal Procedure should be amended to include a provision equivalent to Civ.R. 54(B), which affords the ability to appeal the resolution of some claims. This would afford the parties and the trial court the discretion to permit appeals from final judgments of conviction when there are "hanging charges" as the circumstances may demand.