O'Donnell, J.
*1249 {¶ 1} Stephen Hanudel, counsel for the appellant-defendant, Lewis Leroy McIntyre Jr., filed an affidavit with the clerk of this court pursuant to R.C. 2501.13 and 2701.03 seeking to disqualify Judge Donna J. Carr and Judge Julie A. Schafer from presiding over any further proceedings in McIntyre's pending appeal. Pursuant to Ohio Constitution, Article IV, Section 5 (C) and R.C. 2701.03, Chief Justice O'Connor recused herself from hearing this matter and designated the undersigned to hear the disqualification request.
{¶ 2} On May 23, 2018, the Ninth Appellate District, in a decision authored by Judge Schafer and joined by Judge Carr, held that the doctrines of res judicata and law of the case barred the court of appeals from considering McIntyre's appellate arguments.
*1250 State v. McIntyre , 9th Dist. Summit No. 28125, 2018-Ohio-2001, 2018 WL 2341004, ¶ 25. Hanudel thereafter filed motions for reconsideration, for en banc reconsideration, and to certify a conflict.
{¶ 3} Hanudel seeks to disqualify Judge Schafer and Judge Carr from deciding those motions. He alleges that in their May 23 decision, the judges "defied" and "falsely characterized" this court's ruling in State ex rel. McIntyre v. Summit Cty. Court of Common Pleas , 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003. Hanudel also states that the judges "materially misrepresented and misstated" the procedural posture of the underlying case. Because of the May 23 decision, Hanudel believes that Judge Schafer and Judge Carr "cannot be counted on to be impartial in evaluating" the pending motions.
{¶ 4} Judge Schafer and Judge Carr submitted individual affidavits in response to Hanudel's disqualification request. Both judges denied any personal bias against McIntyre and averred that they participated fairly and impartially in deciding the underlying appeal.
{¶ 5} It is well settled that a "judge's opinions of law, even if later found to be erroneous, are not by themselves evidence of bias or prejudice and thus are not grounds for disqualification." In re Disqualification of Corts , 47 Ohio St.3d 601, 602, 546 N.E.2d 928 (1988). Hanudel claims that his affidavit goes beyond merely pointing out legal errors in a judge's decision because he avers that Judge Schafer and Judge Carr misrepresented the record *853 and disobeyed "clear pronouncements" from this court.
{¶ 6} Judges have been removed from cases for refusing to comply with mandates from higher courts. See, e.g. , Columbus v. Hayes , 68 Ohio App.3d 184, 189, 587 N.E.2d 939 (10th Dist.1990) (remanding for further proceedings before a different judge when the original sentencing judge, after being reversed, made it clear that he did not intend to follow the mandate of the appellate court by declaring that he would impose the same sentence as before). This court, however, did not issue a mandate to the Ninth District in State ex rel. McIntyre , 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003. Rather, the court granted a peremptory writ directing the trial court to issue a final, appealable order. Id. at ¶ 11.
{¶ 7} Regardless, resolution of Hanudel's claims first requires a determination of whether the court of appeals' May 23 decision conflicts with this court's ruling in State ex rel. McIntyre . An affidavit of disqualification, however, "is not the mechanism for determining whether a judge has complied with the law." In re Disqualification of Griffin , 101 Ohio St.3d 1219, 2003-Ohio-7356, 803 N.E.2d 820, ¶ 8 ; see also In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4 (an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law"). The issue here is narrow: "whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that *1251 mandates the judge's disqualification from that case," In re Disqualification of Kate , 88 Ohio St.3d 1208, 1210, 723 N.E.2d 1098 (1999).
{¶ 8} There is no evidence of bias against McIntyre on the face of the May 23 decision. If Hanudel believes that the judges misinterpreted or misapplied a decision from this court, he may file an appeal. But he may not litigate in an affidavit of disqualification legal issues more appropriately raised in an appeal.
{¶ 9} The affidavit of disqualification is denied.